MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiffs

LAURENCE L. ANGELO, ESQ., SB No. 034528
CARRIE A. FREDERICKSON, ESQ., SB No. 245199
ANGELO, KILDAY & KILDUFF
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants City of West Sacramento
and Police Officer Timothy Twardosz

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually and KARENA CRANKSON, Individually,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>CITY OF WEST SACRAMENTO; a public entity, West Sacramento Police Officer TWARDOSZ (Badge #126); and DOES 1 through 10, Jointly and Severally,<br><br>                    Defendants. | Case No.: 2:07-CV-01115-JAM-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

///

///

-1-
**STIPULATION AND PROTECTIVE ORDER**

## STIPULATION

WHEREAS, The parties have previously stipulated to a "first look" procedure for Plaintiffs' medical and psychiatric records, allowing Plaintiffs' counsel to review all such records before they are produced to Defendants;

WHEREAS, Plaintiffs' counsel is willing to have certain medical and psychiatric records of Plaintiffs be produced to Defendants without redactions provided that they will be treated confidential and for the purpose of this litigation only and returned to Plaintiffs' counsel upon completion of this litigation;

NOW, THEREFORE, IT IS STIPULATED as follows:

(1) Defendants may receive unredacted copies of Plaintiff Karene Beecham's records from **Natomas Primary Care** received by Plaintiffs' counsel on June 25, 2008;

(2) Defendants may receive unredacted copies of **Sutter Connect billing records** received by Plaintiffs' counsel on July 1, 2008;

(3) Plaintiffs' counsel has reviewed the records of **Allen Hassan, M.D.**, pertaining to Karene Beecham, on July 1, 2008. Plaintiffs have produced a redacted page 36 of said records, redacting Plaintiff's checking account number, to Defendants. Plaintiffs' counsel will instruct Compex, Defendants' subpoena service, to provide the remaining records with redactions of dates of birth, social security numbers, and children's names, and produce a copy of said records to Defendants;

(4) Plaintiffs' counsel has reviewed the records of **Dr. Lorraine Stanco, M.D.,** and will instruct Defendants' subpoena service to provide said records with the social security numbers and birthdates of Plaintiff and her spouse at pages 32, 33, 36, and 37 redacted;

(5) For all further records produced to Plaintiffs for first look, Plaintiffs' counsel will provide any necessary redactions directly to Compex within ten days of receipt of said records, with a courtesy copy to Defendants, identifying the matters redacted;

(6) All medical or psychotherapy records of either Plaintiff produced in this matter, shall be treated as confidential and subject to this protective order;

///

(7) All medical or psychotherapy records of either Plaintiff produced in this litigation shall only be used for this litigation and the defense or prosecution of this litigation;

(8) All medical or psychotherapy records of either Plaintiff shall not be shown to any person or entity other than with respect to the defense or prosecution of this litigation;

(9) To the extent that any party files any of Plaintiffs' medical or psychotherapy records in Court in this matter, counsel will comply with Local Rule 39-140(a) by redacting said records in accordance with that rule, before filing them in Court, subject to a contrary order of the Court;

(10) All medical or psychotherapy records of either Plaintiff, and all copies thereof, shall be returned to Plaintiffs' counsel within thirty days following the final disposition of this litigation, whether by settlement, verdict, dismissal or otherwise;

(11) At a mutually agreed time and date, or upon a date, time, and place set by the Court if the parties cannot mutually agree, each Plaintiff will be produced for an examination by a psychiatrist and psychologist retained by defendants. In the event the Plaintiffs cannot be produced for said examinations before the discovery cut-off date, Plaintiffs agree to submit to said examinations on a mutually agreed time and date thereafter, and if the parties cannot mutually agree, to a date, time and place set by the Court;

(12) Plaintiffs themselves and Defendants' examiner may each tape record the examinations. Plaintiffs will provide Defendants with copies of said tape recordings, at the Defendants' expense, within 10 days after said examination;

(13) Defendants will provide to Plaintiffs' counsel a written report of each examination not more than 21 days after the examination;

///
///
///
///
///

1   (14) This stipulation may be submitted to the Court for entry of an Order, but need not be so submitted in order to be effective.

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.*

Dated: August 8, 2008                                  HADDAD & SHERWIN


                                                       By: _____/s/_____
                                                             JULIA SHERWIN
                                                             Attorneys for Plaintiffs

Dated: August 8, 2008.                                 ANGELO, KILDAY & KILDUFF


                                                       By: _____/s/_____
                                                             LAURENCE L. ANGELO
                                                             CARRIE A. FREDERICKSON
                                                             Attorneys for Defendants

<u>ORDER</u>

Pursuant to stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED.

Dated: August 18, 2008

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE