IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, individually, and KARENA CRANKSON, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF WEST SACRAMENTO, a public entity, TIMOTHY TWARDOSZ, and DOES 1 through 10, jointly and severally,<br><br>　　　　Defendants.<br>_____/ | No. 2:07-CV-01115 JAM EFB<br><br><u>ORDER GRANTING MOTION TO FILE</u><br><u>FIRST AMENDED COMPLAINT</u> |

　　The matter before the Court is Plaintiffs Karene Beecham ("Beecham") and Karena Crankson's ("Crankson") (collectively "Plaintiffs") motion requesting leave to file a First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  Defendants City of West Sacramento ("City") and West Sacramento police officer Timothy Twardosz ("Officer Twardosz")

1

(collectively "Defendants") oppose the motion.  For the reasons set forth below, Plaintiffs' motion is GRANTED.[1]

## I. BACKGROUND

This civil rights action arises out of a traffic stop in which Plaintiffs were alleged forced from their vehicle at gunpoint, handcuffed, ordered to lift their shirts, and detained while officers conducted an investigation of their vehicle.  In their original complaint filed on June 11, 2007, Plaintiffs named the City and Officer Twardosz as defendants.  In the instant motion, Plaintiffs request leave to amend their complaint to, among other things, add Officers Geoffrey Albert, Steve Godden and Ed Hensley as additional defendants (collectively "proposed defendants").  In opposition, Defendants contend that the Court should not grant leave to amend because Plaintiffs acted in bad faith by unduly delaying in requesting leave to amend for the dilatory purpose of preventing them and the proposed defendants from having sufficient time to conduct discovery.  Defendants assert that Plaintiffs engaged in undue delay by waiting approximately five months to request leave to amend after becoming aware of the factual basis for adding the proposed defendants via the Internal Affairs report of the

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

incident, which included detailed interviews of all four officers involved in the incident.  Defendants further assert that Plaintiffs engaged in undue delay by deposing the proposed defendants on May 1, 2008, but waiting until July 7, 2008 to request leave to add them as additional defendants.  Finally, Defendants assert that Plaintiffs engaged in undue delay by failing to seek an order shortening time on their motion to amend.

## II. OPINION

A.   Legal Standard

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'  But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading.  See Lockheed Martin Corp. v.

Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). Of these factors, "prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). The decision to grant or deny a request for leave to amend rests within the discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). "The party opposing the motion for leave to amend bears the burden of demonstrating that a 'substantial reason exists to deny leave to amend.' " State of Cal. ex rel. Mueller v. Walgreen Corp., 175 F.R.D. 631, 637 (N.D. Cal. 1997).

B.   Analysis

As Defendants argue, and as the Ninth Circuit has recognized, amending a complaint to add a new party presents an acute threat of prejudice to that new party. DCD Programs, 833 F.2d at 187. However, because it does not appear that Plaintiffs' proposed First Amended Complaint would substantially alter the nature of the litigation or require significant additional discovery or cause substantial delay, it cannot be said that Defendants or the proposed defendants would suffer substantial prejudice by the delay in Plaintiffs filing an amended complaint. See Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 622 (C.D. Cal. 2003) (" 'Undue prejudice' means substantial

prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.' "); see also In re Circuit Breaker Litigation, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading."); Moore ex rel. Moore v. County of Kern, 2007 WL 2802167, *6 (E.D. Cal. 2007) (the mere fact of some additional discovery does not necessarily amount to the substantial prejudice required for denying leave to amend where no substantial delay would result).  Although the Court recognizes that the addition of the proposed defendants may result in some additional discovery and may delay the final resolution of this action, the Court finds that Plaintiffs ought to be granted an opportunity to test their claims on the merits, especially since the alleged facts appear to support cognizable claims for relief against the proposed defendants.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Moreover, while it is clear that Plaintiffs could have acted more expeditiously in requesting leave to amend, there is no evidence demonstrating that Plaintiffs have an improper motive in requesting leave to amend or engaged in undue delay or dilatory conduct.  Nor did Plaintiffs delay in requesting leave to amend include the

passing of any major litigation dates, such as the closing of discovery or the dispositive motion deadline.  See Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) (holding that the fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend).  Here, Plaintiffs' claim that they waited to request leave to amend until July 7, 2008 because they did not discover detailed information concerning the nature and extent of the proposed defendants' involvement in the incident giving rise to this action until the proposed defendants were deposed on May 1, 2008.[2]  This conduct does not constitute inordinate delay or dilatory conduct justifying the denial of Plaintiffs' motion.  This is particularly so given that Plaintiffs offered a satisfactory explanation for their delay, i.e., they waited until they had sufficient evidence of conduct they could base claims of wrongful conduct.  See DCD Programs, 833 F.2d at 187 (finding that appellants offered a satisfactory explanation for their delay by waiting to name additional defendants until they had sufficient evidence upon which they could base claims of wrongful conduct).  The Court notes that while Defendants claim

---

[2] According to Plaintiffs, they notified Defendants on June 12, 2008 of their intention to add the proposed defendants. However, because Defendants only agreed to stipulate to adding Officer Ed Hensley, Plaintiffs were forced to file a motion requesting leave to amend the complaint.

that Plaintiffs were aware of the factual basis for adding the proposed defendants on February 1, 2008 via the Internal Affairs report, they offered no evidence showing that the facts discovered from the proposed defendants' depositions were available to Plaintiffs before May 1, 2008.

In short, because Defendants have not shown undue prejudice, bad faith, or that amendment would be futile,[3] the Court will grant Plaintiffs motion requesting leave to amend the complaint.  The Court will not deny Plaintiffs' motion merely because Plaintiffs could have requested leave to amend earlier. See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (undue delay, by itself, is insufficient to justify denying a motion to amend; there must be a specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment).

### III. ORDER

For the reasons set forth above, Plaintiffs' motion requesting leave to amend the complaint is GRANTED.  Plaintiffs have fifteen (15) days from service of this Order to file their First Amended Complaint.  Because the discovery cut-off date is less than two weeks away, the Court will consider honoring a

---

[3] Defendants do not argue that amendment of the complaint would be futile for lack of merit.

7

stipulation by the parties to modify the pretrial scheduling order to extend the deadlines set forth therein.

IT IS SO ORDERED.

Dated:  August 22, 2008                 _____
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE