IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARENE BEECHAM, individually,
and KARENA CRANKSON,
individually,

    Plaintiffs,                      No. CIV S-07-1115 JAM EFB

    vs.

CITY OF WEST SACRAMENTO,
a public entity, POLICE OFFICER
TIMOTHY TWARDOSZ, POLICE
OFFICER GEOFFREY ALBERT,          ORDER
POLICE OFFICER STEVE GODDEN,
POLICE OFFICER ED HENSLEY, and
DOES 4 through 10, Jointly and Severally,

    Defendants.
_____/

On October 8, 2008, this court heard the motion filed September 15, 2008, by newly added defendants Officers Albert, Godden and Hensley, to further depose plaintiffs. Attorney Laurence Angelo appeared on behalf of defendants; Michael Haddad represented plaintiffs. Having reviewed the submitted papers and heard oral argument, the court denies defendants' motion for the reasons set forth herein.

////

////

1

BACKGROUND

This is a civil rights action arising out of a traffic stop on June 29, 2006. The original complaint, filed June 11, 2007, named as defendants the City of West Sacramento, Officer Twardosz, and Does 1 through 10. Defense counsel deposed plaintiff Beecham on March 19, 2008 (3 hours, 50 minutes), and plaintiff Crankson on March 20, 2008 (3 hours, 15 minutes). On August 25, 2008, the district judge granted plaintiffs' motion for leave to add defendant Officers Albert, Godden and Hensley, and the operative First Amended Complaint ("FAC") naming these defendants was filed the same day.

On August 29, 2008, the district judge approved the parties' stipulation extending fact discovery from September 17, 2008 to November 7, 2008. Although the plaintiffs' depositions have already been taken by the same counsel who represents the newly added defendants, that counsel requests a second deposition of each plaintiff. The plaintiffs are opposed to a second deposition and, on September 9, 2008, the parties filed a stipulation memorializing their dispute in that regard.

On September 15, 2008, the newly named defendants filed the instant motion, asserting that although the plaintiffs have already been deposed, they have not had an opportunity to question plaintiffs regarding their alleged participation in the traffic stop. They argue that they, too, should be allowed to question plaintiffs as to the claims of racial profiling and discrimination, allegations of a partial strip search, and plaintiffs' allegations of post-traumatic stress disorder symptoms. Defendants seek two additional hours for the deposition of each plaintiff, arguing that they would still be within the seven hours allowed by the Federal Rules of Civil Procedure.[1] They also assert that they will not ask questions previously posed to plaintiffs except for foundational purposes.

---

[1] The duration limitation on depositions is not the issue here. The question is whether defendants have established grounds that warrant compelling each plaintiff to be deposed a second time. As discussed below, a party may not be deposed a second time except with leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii).

Plaintiffs oppose the motion on the ground that defense counsel had the opportunity to explore these matters at plaintiffs' prior depositions, particularly since the involvement of the newly named defendants was evident to all parties as early as January 31 or February 1, 2008, when the names of these defendants and CD recordings of their interviews were disclosed in defendants' production of documents relative to the City's internal affairs investigation.

The parties timely filed a joint stipulation pursuant to E. D. Cal. L. R. 37-251, and their respective declarations.

LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that depositions shall be limited to one day, up to seven hours, unless additional time is needed to fairly examine the deponent. Fed. R. Civ. P. 30(d)(1).[2] Absent a stipulation of the parties, a party may not be deposed a second time except with leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii).[3] In considering the merits of a motion for further deposition outside these parameters, the court is guided by the considerations set forth in Fed. R. Civ. P. 26(b)(2). Thus, the court considers whether the discovery sought is cumulative or duplicative, or can better be obtained from some another source; whether the party seeking discovery has had ample opportunity to obtain the information pursuant to prior discovery in the action; and whether the burden or expense of the proposed discovery outweighs its likely benefit.[4] "The party seeking a court order to extend the examination, or otherwise alter

---

[2] Fed. R. Civ. P. 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

[3] Fed. R. Civ. P. 30(a)(2)(A)(ii) provides in pertinent part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: . . .(ii) the deponent has already been deposed in the case. . ."

[4] Fed. R. Civ. P. 26(b)(2) provides in pertinent part:

(A) By order, the court may alter the limits in these rules on the number of

3

the limitations, is expected to show good cause to justify such an order." Advisory Committee Notes, 2000 Amendment to Rule 30(d)(1).

DISCUSSION

For the reasons stated on the record and set forth herein, the court finds that the newly named defendants have not demonstrated good cause for an order authorizing plaintiffs' further depositions. The plaintiffs have already been questioned at length as to their factual allegations regarding the traffic stop, being ordered at gun point to lift their shirts up, and their allegations of emotional distress. These depositions were conducted by the same counsel who represents the newly added defendants.

Most significantly, defense counsel was specifically aware, when he deposed plaintiffs in March 2008, of the participation of Officers Albert, Godden and Hensley. Counsel was also aware that plaintiffs intended to name all participating officers when their identities were revealed and roles clarified.[5] While plaintiffs waited until after they deposed these officers to

---

depositions and interrogatories or on the length of depositions under Rule 30. . . .

. . . (C) On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

[5] *See* Joint Status Report, filed August 23, 2007, at "(C)": "Plaintiffs may seek to amend the complaint to add defendants and/or claims after some discovery is conducted. At this time, Plaintiffs assert that they are uninformed of the identities of other officers present at the scene and who may have participated in conduct at issue."

4

determine whether to name them as defendants,[6] the district judge expressly found that, "while it is clear that Plaintiffs could have acted more expeditiously in requesting leave to amend, there is no evidence demonstrating that Plaintiffs have an improper motive in requesting leave to amend or engaged in undue delay or dilatory conduct." Order filed August 25, 2008, at p. 5. Moreover, the question raised on this motion is not one of timeliness. Plaintiffs do not oppose being deposed a second time based on an argument that there is inadequate time to do so before the close of the amended discovery cutoff date. Rather, they oppose being deposed twice because defense counsel has already had a full and fair opportunity to question each of them at length about their factual allegations of the traffic stop, racial profiling, being detained at gun point, etc.

Additionally, notwithstanding defendants' assertions to the contrary, the amended complaint is not significantly different from the original complaint. The factual allegations are essentially the same, with the addition of the newly named defendants and the identification of defendant Hensley as the officer who ordered plaintiff Crankson from her car. *See* FAC at ¶ 26, *cf.*, Crankson Dep. at 76:11-14. While the amended complaint heightens the claimed injury of "emotional distress," original complaint, at ¶ 35(d), to "severe emotional distress including post traumatic stress disorder," FAC at ¶ 38(d), the original claim gave due notice that plaintiffs were alleging "severe emotional distress," original complaint, at ¶ 64, and "intentional infliction of emotional distress" by all defendants, *id.*, at ¶¶ 63-65. Moreover, defense counsel has already questioned each plaintiff about the nature and extent of her alleged immediate and continuing emotional injuries,[7] including Beecham's alleged miscarriage,[8] and Crankson's allegations she

---

[6] Plaintiffs informed the district judge that "they did not discover detailed information concerning the nature and extent of the proposed defendants' involvement in the incident giving rise to this action until the proposed defendants were deposed on May 1, 2008." Order filed August 25, 2008, at p. 6.

[7] In addition, defendants had received the December 2007 report of Beecham's treating psychiatrist at the time, Dr. Allan Hassan, which provided, inter alia, the diagnosis of "severe post traumatic stress disorder with depression." Exh. B to Haddad Decl. At the discovery hearing, defendants moved to strike this report since plaintiffs have withdrawn Dr. Hassan from

5

urinated on herself and experienced a pre-seizure aura.[9]  Both Beecham and Crankson testified to continuing and ongoing emotional difficulties nearly two years after the incident.[10]  This testimony was specifically elicited by the same defense counsel who represents the newly added defendants and there is no basis to the contention that there has not already been an ample opportunity for counsel to question plaintiffs as to this topic.

Additionally, the operative complaint essentially repeats the allegations of the original complaint that plaintiffs were targets of racial profiling and racial discrimination.  *See e.g.*, original complaint at ¶¶ 38(c) and 44(c); FAC at ¶¶ 41(c) and 47(c).  Defense counsel was aware of the charge and had ample opportunity to ask pertinent questions.  *See, e.g.*, Crankson Dep., at 107:10-110:25.  Similarly, the operative complaint, like the original complaint, alleges intentional conduct on the part of all individual defendants warranting the imposition of punitive damages.  *See* original complaint, at ¶ 41 and Count 7; FAC, at ¶ 44 and Count 5; *see* both prayers for relief, p. 17, ¶ (b).

Finally, both the original and amended complaints allege it is the policy of defendant City to conduct "public strip searches without justification."  *See* original complaint, ¶ 44(d)), FAC ¶ 47(c).[11]  While the amended complaint alleges for the first time violation of California Penal Code § 4030 (authorizing civil actions for unlawful strip searches upon individuals

---

their list of witnesses.  The court declines to rule on this improperly noticed motion and finds, moreover, that defendants were adequately informed by other means, particularly plaintiffs' depositions, regarding the extent of plaintiffs' alleged emotional distress as a result of the challenged incident.

[8] *See, e.g.,* Beecham Dep., at 103:12-104:8, 107:14-19, 117:11-19, 119:6-120:23, 123:10-16, 127:15-17.

[9] *See, e.g.,* Crankson Dep., at 7:14-12:24, 102:2-103:12.

[10] *See generally*, Beecham Dep., at 124:8-11, 126:19-138:13, 144:4-158:16, Crankson Dep., at 13:3-20:20, 111:1-20, 117:16-121:25, 123:17-124:21.

[11] Dropped from the original complaint were claims for battery, sexual battery, and gender violence.

6

1  arrested and held in custody on a misdemeanor or infraction offense), naming the City and
2  defendants Twardosz and Hensley, FAC, ¶¶ 66-68, the elements of this claim are not materially
3  changed.  Although plaintiffs have added an additional legal ground for recovery, their factual
4  contentions about being forced to raise their shirts remain the same and defense counsel has
5  already devoted significant time to deposing plaintiffs on this matter.[12]

6       A comparison of the original and amended complaints, and review of plaintiffs'
7  deposition transcripts, in light of the considerations required by this court pursuant to Rule 26,
8  demonstrates that defense counsel has failed to establish good cause for ordering the further
9  depositions of plaintiffs.  Counsel had ample opportunity to ask plaintiffs the questions he now
10 seeks to pose, and further deposing plaintiffs would be not only duplicative but far more
11 burdensome to these plaintiffs than providing any possible benefit to defendants.  *See* Fed. R.
12 Civ. P. 26(b)(2).  Moreover, holding defendants to their representation that they would not ask
13 questions previously posed to plaintiffs leaves a second deposition of the plaintiffs unnecessary.
14 Review of the deposition transcripts shows that these plaintiffs were, in fact, questioned at length
15 on each of the topics defense counsel has raised in this motion.  In short, this court concurs with
16 the assessment of the district judge, when he granted leave to file the amended complaint, that "it
17 does not appear that Plaintiffs' proposed First Amended Complaint would substantially alter the
18 nature of the litigation or require significant additional discovery . . . ."  Order filed August 25,
19 2008, at p. 4.

20      For the reasons stated above, defendants have not established that the amendment of the
21 complaint and the addition of Officers Albert, Godden and Hensley as defendants warrants
22 further deposition of the plaintiffs.
23 ////
24 ////
25
26     [12] *See, e.g.*, Beecham Dep., at 70:24-74:14, Crankson Dep., at 70:24-73:2, 78:20-79:23.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendants' motion to compel plaintiffs' further depositions (Dckt. No. 61) is DENIED.

SO ORDERED.

DATED: October 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE