IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, individually, and KARENA CRANKSON, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF WEST SACRAMENTO, a public entity, POLICE OFFICER TIMOTHY TWARDOSZ, POLICE OFFICER GEOFFREY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally, <br><br> Defendants. <br> _____/ | No. CIV S-07-01115 JAM EFB <br><br><br><br><br> ORDER |

On October 14, 2008, plaintiffs filed a motion to compel discovery, and set the matter for hearing before this court on November 5, 2008. On October 22, 2008, this court filed a briefing order reminding the parties of the substantive requirements of the local rules, and setting a deadline of October 29, 2008, for the filing of the parties' joint stipulation.[1] This deadline has

---

[1] Plaintiffs stated, inconsistently, both that the parties' dispute involved a "failure to respond or disclose," citing Fed. R. Civ. P. 37(d)(2), and that defendants' written responses to the disputed discovery requests were "incomplete and evasive." Plaintiffs' Motion filed Oct. 14, 2008, at p. 2. Apparently the defendants responded to the discovery requests but plaintiffs are

passed, and plaintiffs have not filed the joint stipulation, or a declaration asserting lack of cooperation by defendants (*see* E. D. Cal. L. R. 37-251(d) (failure to meet or obtain joint statement)), nor have plaintiffs otherwise communicated with the court. The court will therefore vacate the hearing on plaintiffs' motion. *See* E. D. Cal. Local Rule 11-110 (recognizing inherent power of court to require compliance with its orders and local rules).

Accordingly, plaintiffs' discovery motion filed October 14, 2008 [77], is hereby DENIED WITHOUT PREJUDICE, and the November 5, 2008, hearing thereon IS VACATED.

SO ORDERED.

DATED: October 31, 2008

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

not satisfied with the response. Plaintiffs have not, however, submitted information showing that defendants' response is so lacking in substance that it equates with a wholesale failure to respond. Accordingly, plaintiffs' motion cannot be made pursuant to E. D. Cal. L. R. 37-251(e) ("complete and total failure to respond"); even if the motion had come within the parameters of this rule, the substance of the motion needed to be briefed two weeks before the scheduled hearing date, *ibid*.