IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARENE BEECHAM, individually,
and KARENA CRANKSON,
individually,

      Plaintiffs,                      No. CIV S-07-1115 JAM EFB

     vs.

CITY OF WEST SACRAMENTO,
a public entity, POLICE OFFICER
TIMOTHY TWARDOSZ, POLICE
OFFICER GEOFFREY ALBERT,         ORDER
POLICE OFFICER STEVE GODDEN,
POLICE OFFICER ED HENSLEY, and
DOES 4 through 10, Jointly and Severally,

      Defendants.
_____/

      On October 27, 2008, defendants filed a motion to compel discovery [90], and set the matter for hearing before this court on December 3, 2008.[1] The motion seeks an order of this court compelling: (1) plaintiffs' attendance at their respective rescheduled Independent Medical Examinations ("IMEs"), and reimbursement of costs for failure of both plaintiffs to attend their initially scheduled IMEs; (2) plaintiffs' further responses to contention interrogatories; and (3)

---

[1] Also pending, before the district judge, are the parties' cross motions for summary judgment [74] and [79], scheduled for hearing on November 19, 2008, and plaintiffs' motion [91] to certify defendants' pending interlocutory appeal [87] as frivolous, scheduled for hearing on December 3, 2008.

sanctions against plaintiffs' counsel for failing timely to inform defense counsel of the need to cancel and reschedule the deposition of plaintiff Crankson's husband.

Despite the pendency of this motion, on October 29, 2008, defendants filed a "Request for Order Pursuant to Stipulation and [Proposed] Order" [95] (with proposed order attached), and declaration of defendants' counsel, Carrie Fredrickson [96], seeking an order of this court directing plaintiff Karena Crankson to attend her IME now scheduled for November 10, 2008, at 10:00 a.m., and plaintiff Karene Beecham to attend her IME now scheduled for December 10, 2008, at 1:00 p.m.

On October 30, 2008, plaintiffs filed "Objections to Defendants' 'Request for Order Pursuant to Stipulation'" [98], asserting: (1) the district court lacks jurisdiction to consider the matter due to defendants' pending interlocutory appeal to the Ninth Circuit [87]; (2) plaintiffs did not stipulate to defendants' current proposed order; and (3) plaintiffs had good cause for missing their initially scheduled IMEs and intend to appear on the rescheduled dates "in the event this Court certifies Defendants' appeal as frivolous, thereby allowing this matter to proceed to trial." Pls.' Objs., at p. 2.

As a preliminary matter, the court emphasizes that defendants' interlocutory appeal on the issue of qualified immunity, decided adversely in part by the district judge [84], does not deprive this court of jurisdiction to address other, unrelated, matters still pending before it. "[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). "[T]he district court retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 (9th Cir. 2002), citing *Plotkin, supra*. *Accord, ACF Indus. Inc. v. California State Bd. of Equalization*, 42 F.3d 1286, 1289, fn. 4 (9th Cir. 1994)*; Grauberger v. St. Francis Hospital*, 169 F.Supp. 2d 1172, 1175, fn. 2 (N. D. Cal. 2001). "[A]bsent a stay order, the interlocutory appeal does not prevent the district court from moving forward with the rest of the case." Rutter, *Cal.*

*Practice Guide: 9th Cir. Civ. App. Prac.*, Ch. 3-E (2008), citing *Plotkin, ACF Industries*, and *Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 379 (1985) (district court properly addressed motion to dismiss notwithstanding pendency of appeal from criminal contempt judgment based on refusal to comply with a discovery order). *See also* Fed. Ct. App. Manual § 26:2 (5th Ed.) (updated 2008); and 1 Fed. App. Prac. Guide 9th Cir. § 5:38 (2d Ed.) (updated 2008).

Pursuant to the continuing jurisdiction of this court, the court notes that defendants' filings are inordinate in several respects.  First, defendants' discovery motion, which includes in part issues concerning fact discovery, is noticed for hearing after expiration of the deadline for fact discovery in this case, *see* Order filed August 29, 2008 [51], which provides for the closure of fact discovery on November 7, 2008, and closure of expert discovery on December 19, 2008.[2] This court has no authority to consider a discovery motion after close of discovery.  Second, defendants seek to obtain the undersigned's signature on a proposed "stipulation" that lacks plaintiffs' signature; the request is improper and fails to comply with the requirements of Local Rule 83-143 (stipulations).  Defendants' *ex parte* efforts to obtain an immediate order of this court fails to comply with any authorized procedure; defendants had adequate opportunity to cooperate with plaintiffs in setting their dispute on this court's next law and motion calendar pursuant to an order shortening time and based on the contemporaneous filing of a joint stipulation and notice of motion pursuant to Local Rule 37-251(a).

Notwithstanding these significant problems, the court reminds the parties that it has already made the following order requiring that each plaintiff attend an independent medical examination by "a psychiatrist and psychologist retained by defendants."  *See* "Stipulation and

---

[2] Although the initial scheduling order in this case is set forth by minute order by the district judge initially assigned this case [10], it is the practice of the currently assigned district judge to define "completed" to mean "that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  *See, e.g.,* Civ. S-06-1196 JAM EFB [129] at p. 3.

3

Protective Order," signed and filed by this court on August 18, 2008 [36], at p. 3, ¶ 11:

> At a mutually agreed time and date, or upon a date, time, and place set by the Court if the parties cannot mutually agree, each Plaintiff will be produced for an examination by a psychiatrist and psychologist retained by defendants. In the event the Plaintiffs cannot be produced for said examinations before the discovery cut-off date, Plaintiffs agree to submit to said examinations on a mutually agreed time and date thereafter, and if the parties cannot mutually agree, to a date, time and place set by the Court . . ."

All parties represent that they have mutually agreed on a (rescheduled) date, time, and place for each plaintiff's IME, thus forgoing an order of this court to the same effect. However, in light of plaintiffs' prior failure to appear, defense counsel is hereby instructed to obtain, and to present to the court at the scheduled hearing on this matter, alternative examination dates for each plaintiff's IME, particularly for the November 10, 2008 IME scheduled for plaintiff Karena Crankson.

Failure of plaintiffs to abide by the order of this court filed August 18, 2008, or to appear at their respective IME, including the failure of plaintiff Karena Crankson to appear at her IME scheduled for November 10, 2008, may be cause for sanctions, including, but not limited to, the possible exclusion at trial of plaintiffs' emotional distress claims and claims for damages thereon. *See* Fed. R. Civ. P. 11, and Local Rule 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

In addition, defendants are instructed to narrow their discovery motion scheduled for hearing on December 3, 2008, to those matters that may properly be heard, consistent with the impending fact and expert discovery deadlines in this case.

////

////

////

////

4

Finally, plaintiffs are ordered to show cause in writing, within five court days prior to the December 3, 2008, hearing why the court should not require plaintiffs to pay the costs resulting from: (1) the failure of plaintiffs to appear for their initially scheduled IMEs, and (2) the failure of plaintiffs' counsel timely to inform defense counsel of the need to cancel and reschedule the deposition of plaintiff Crankson's husband.

SO ORDERED.

Dated: November 4, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE