IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually and KARENE CRANKSON, Individually,<br><br>        Plaintiffs,<br>    v.<br><br>CITY OF SACRAMENTO; a public entity, POLICE OFFICER TIMOTHYY TWARDOSZ, POLICE OFFICER GEOFFREY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally,<br><br>        Defendants. | No. Civ. S-07-1115 JAM EFB<br><br><u>Order Denying Defendants City of Sacramento, Geoffrey Albert, and Steve Godden's Motion for Summary Judgment</u> |

    This matter comes before the Court on Defendants City of

West Sacramento ("City") and West Sacramento Police Officers

Steve Godden ("Godden") and Geoffrey Albert's ("Albert")

(collectively "Defendants") motion for summary judgment pursuant

to Rule 56(c) of the Federal Rules of Civil Procedure.

Plaintiffs Karene Beecham ("Beecham") and Karena Crankson

("Crankson") (collectively "Plaintiffs") oppose the motion. For the reasons set forth below, Defendants' motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying this case is more fully outlined in the Court's previous order granting in part and denying in part Plaintiffs' motion for partial summary judgment against Officer Timothy Twardosz ("Twardosz") and the City. See Order, filed October 22, 2008 ("Order")(Docket (Doc.)# 84). The present motion focuses on the liability, or lack thereof, of the City and Officers Albert and Godden, two of the officers who responded to Officer Twardosz's radio transmission regarding Plaintiffs' failure to yield.

In the instant motion, Defendants seek summary judgment on Plaintiffs' 42 U.S.C. Section 1983 claims against Albert, Godden, and the City and argue Albert and Godden are entitled to qualified immunity as a matter of law. Doc. # 80.  In opposition, Plaintiffs argue there are several issues of material fact that exist rendering an order of summary judgment against Albert, Godden, and the City inappropriate.  Doc. # 106.

## II. OPINION

A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

    The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

    The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252.  This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed

verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B. Plaintiffs' 42 U.S.C. Section 1983 Claims Against Officers Albert and Godden

Plaintiffs claim Albert and Godden violated their Fourth Amendment rights through use of excessive force. The Fourth Amendment prohibition against unreasonable searches and seizures permits law enforcement officers to use only such force to effect an arrest as is "objectively reasonable" under the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). Whether the force used to effect an arrest is reasonable "is ordinarily a question of fact for the jury." Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997). (citing, e.g., Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994)); see also Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991). Although excessive force cases can be decided as a matter of law, they rarely are because the Fourth Amendment test for reasonableness is inherently fact-specific. See Chew v. Gates, 27 F.3d 1432, 1443 (9th Cir. 1994). According to Graham, determining whether the force used in a particular instance is reasonable requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment

interests' against the countervailing governmental interests at stake."

Here, Albert and Godden assisted in the arrests of Beecham and Crankson at gunpoint.  Although neither Albert nor Godden handcuffed Beecham or Crankson nor did the officers physically place either Plaintiff in the back of a police vehicle, Albert and Godden did participate in the arrests and use of force against Plaintiffs by holding Plaintiffs at gunpoint.  The salient question before the Court is whether Albert and Godden's use of force and assistance in the arrest of Plaintiffs was "objectively reasonable" in light of the facts and circumstances confronting the officers.  See Graham, 490 U.S. at 397.

The Ninth Circuit has explained that "[w]here an officer has an objectively reasonable good-faith belief that he is acting pursuant to proper authority, he cannot be held liable if the information supplied by other officers turns out to be erroneous."  Motley v. Parks, 432 F.3d 1072, 1081 (9th Cir. 2005).  However, the Ninth Circuit noted that "all officers… have an ongoing duty to make appropriate inquires regarding the facts received or to further investigate if insufficient details are relayed."  See id.; see also Mendocino Envtl. Ctr. V. Mendocino County, 192 F.3d 1283, 1293 n. 16 (9th Cir. 1999).  As the Defendants aptly noted in their moving papers, the Court's analysis focuses on the totality of the circumstances actually

5

known to Officers Albert and Godden at the time.  Graham, 490 U.S. at 395.

Here, there remain material factual disputes as to what information Albert and Godden knew at the time of the stop, when the officers became aware, if ever, of the circumstances leading to the stop, and whether Albert and Godden's drawing of weapons and assistance to Officer Twardosz was objectively reasonable under the information provided to them at the time.  Genuine disputes of fact exist, for example, as to what details were relayed to Albert and Godden over Officer Twardosz's radio transmission and during the course of the stop, as well as whether based on the information available to Albert and Godden, they had a duty to further investigate before drawing their weapons and assisting in the arrest of Plaintiffs. Additionally, whether Albert and Godden were aware that Plaintiffs were traveling at 15 miles per hour and only failed to yield for a few blocks or whether the officers were acting pursuant to limited information provided by Officer Twardosz that a high risk stop was necessary are material issues of fact that must be resolved before this Court can determine if Albert and Godden's use of force was reasonable.  Because material issues of fact exist as to what information was available to Albert and Godden at the time of the stop, this Court is unable to determine on a motion for summary judgment whether Albert and

Godden's display of force was objectively reasonable under the totality of the circumstances known to them at the time.

Defendants also argue that even if a Fourth Amendment violation occurred, only Officer Twardosz as the primary officer, can be liable for that violation. An officer's liability under Section 1983 is predicated on his "integral participation" in the alleged violation. Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996). "'Integral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." Blankenhorn v. City of Orange, 485 F.3d 463, 481 (9th Cir. 2007); Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004). However, it does require some fundamental involvement in the conduct that allegedly causes the violation. See Boyd, 374 F.3d at 780 (holding that every officer who provided armed backup for another officer who unconstitutionally deployed a flash-bang device to gain entry to a suspect's home could be held liable for that use of excessive force because "every officer participated in some meaningful way" in the arrest and "every officer was aware of the decision to use the flash-bang, did not object to it, and participated in the search operation knowing the flash-bang was to be deployed.").

Here, as stated above, material issues of fact exist as to whether Albert and Godden were aware of the circumstances

leading to Twardosz's decision to employ a high risk stop, if Albert and Godden participated in the decision to continue the high risk stop even after they may have become aware Plaintiffs were unarmed and had infant children in the backseat, and if the officers' knowledge and actions would rise to a level in which they would be considered "integral participants" in the disputed constitutional violation. In viewing the facts in the light most favorable to Plaintiffs, this Court concludes that a reasonable jury could find Albert and Godden were integral participants in a violation of Plaintiffs' Fourth Amendment rights. Accordingly, because material issues of fact exist as to whether Albert and Godden were integral participants and whether they displayed force that was objectively reasonable under the circumstances, Defendants' summary judgment motion as to Plaintiffs § 1983 claims against Albert and Godden is DENIED.

C. Qualified Immunity

Defendants argue Officers Albert and Godden are entitled to qualified immunity. Defs' Mot. 22:14-27. Qualified immunity is a defense to lawsuits against governmental officials arising out of the performance of their duties. Its purpose is to permit such officials to undertake their responsibilities without fear that they will be held liable in damages for actions that appear reasonable at the time, but are later held to violate statutory or constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800,

819 (1982); Pierson v. Ray, 386 U.S. 547, 554 (1967).  When a law enforcement officer asserts qualified immunity, the inquiry is first whether, "taken in the light most favorable to the party asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If so, the court must determine whether the right violated was clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.  If the Court concludes that both of these inquires are answered in the affirmative, the officer is not entitled to qualified immunity.  Id. at 201.  Although qualified immunity is a question of law, not a question of fact, the Court must deny the motion for judgment as a matter of law if reasonable jurors could believe that Albert and Godden violated Plaintiffs' constitutional rights, and the rights at issue were clearly established.  See Torres v. City of Los Angeles, --- F.3d. ----, 2008 WL 4878904 C.A. 9 (Cal.) 2008.

    Here, assessing the facts in the light most favorable to Plaintiffs, as the injured parties, reasonable jurors could conclude that Plaintiffs' Fourth Amendment rights were violated and that the rights at issue were clearly established.  As discussed above, there are disputes of fact that are material because they go to what Albert and Godden knew at the time of

the stop and, accordingly, to whether they acted reasonably in drawing their weapons. Again, while "[a]ll officers . . . have an ongoing duty to make appropriate inquires regarding the facts received," Motley, 432 F.3d at 1081, the Ninth Circuit has explained that "[w]here an officer has an objectively reasonable, good-faith belief that he is acting pursuant to proper authority, he cannot be held liable if the information supplied by other officers turns out to be erroneous." Id. at 1082. "The lynchpin is whether the officer's reliance on the information was objectively reasonable." Id.

Taking the facts in the light most favorable to Plaintiffs, Albert and Godden must be charged with knowledge of the facts known to the primary officer, Officer Twardosz. Assuming this is true, Albert and Godden knew that Plaintiffs were driving 15 miles per hour, that Plaintiffs failed to yield for only a few blocks, and that Beecham and Crankson were cooperative throughout the duration of the stop. Thus, there is enough evidence for a reasonable jury to conclude that an officer in Albert or Godden's position would have known that it was unreasonable to draw weapons and effectively assist in the arrest of Plaintiffs. Accordingly, because reasonable jurors could believe the Defendants violated Plaintiffs' constitutional rights and the rights at issue were clearly established, the Court must deny the motion of judgment as a matter of law. The

Court therefore concludes that Albert and Godden are not entitled to summary judgment on the issue of qualified immunity.

D. Municipal Liability

Plaintiffs assert that the City of West Sacramento is liable under 42 U.S.C. § 1983 for the customs and practices in its police department, which led to the use of excessive force and false arrest of Plaintiffs in violation of their Fourth Amendment rights.  Defendants contend the City has no policy or practice that gives rise to liability and therefore, the City is entitled to summary judgment as a matter of law.  Municipalities and local governments can be sued directly for violations of constitutional rights under § 1983 where government officials were acting pursuant to an official policy or recognized custom. Monell v. Dept. of Social Serv. of New York, 436 U.S. 658, 690 (1978).  To directly sue a municipality under § 1983, a plaintiff must show that (1) she had a constitutional right of which she was deprived; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation.  Oviatt v. Pierce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, there remain material questions of fact as to what the City's official policy is regarding failures to yield and consequently, whether official policy was the moving force

11

behind Albert and Godden's actions.  Whether the official City policy is to treat every "failure to yield" as a high risk stop regardless of whether the occupants in the vehicle pose an immediate, actual, and objective threat is a question of fact for the jury.  Plaintiffs have introduced enough evidence to show that the City has a policy that may, upon further factual findings, amount to a deliberate indifference to the Plaintiffs' constitutional rights and may have been the moving force behind Albert and Godden's actions.  Factual disputes exist as to whether the primary officer has discretion in determining whether a car failing to yield warrants a high risk stop and whether a high risk stop is conducted *every time* a suspect's vehicle fails to yield.  Thus, because it remains in dispute as to what the City's official policy entails as well as whether Plaintiffs were subjected to excessive force by Albert and Godden as a result of an unconstitutional City policy, this Court is precluded from granting summary judgment for the City.  Accordingly, Defendants' motion for partial summary judgment for the City pursuant to Plaintiffs' Monell claims is DENIED.

### III. ORDER

For the reasons set forth above, material issues of fact preclude this Court from granting summary judgment for Officer Albert, Officer Godden, or the City pursuant to Plaintiffs' 42 U.S.C. § 1983 claims.  Similarly, the Court must deny the motion

for judgment as a matter of law regarding Albert and Godden's qualified immunity where, as here, a reasonable jury could conclude that Albert and Godden violated Plaintiffs' constitutional rights, and the rights at issue were clearly established.  Accordingly, Defendants' motion for partial summary judgment is DENIED.

    IT IS SO ORDERED.

Dated:   December 10, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE