IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually and KARENE CRANKSON, Individually,<br><br>          Plaintiffs,<br>     v.<br><br>CITY OF SACRAMENTO; a public entity, POLICE OFFICER TIMOTHYY TWARDOSZ, POLICE OFFICER GEOFFRY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally,<br><br>          Defendants. | No. Civ. S-07-1115 JAM EFB<br><br><u>Order Denying Plaintiffs'<br>Motion for Partial Summary<br>Judgment</u> |

This matter comes before the Court on Plaintiffs Karene Beecham ("Beecham") and Karena Crankson's ("Crankson") (collectively "Plaintiffs") motion for partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Defendants City of West Sacramento ("City") and West Sacramento Police Officers Geoffrey Albert ("Albert"), Steve Godden ("Godden"), and Ed Hensley ("Hensley")(collectively

1

"Defendants") oppose the motion.  For the reasons set forth below, Plaintiffs' motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying this case is more fully outlined in the Court's previous order granting in part and denying in part Plaintiffs' motion for partial summary judgment against Officer Timothy Twardosz ("Twardosz") and the City.  <u>See</u> Order, filed October 22, 2008 ("Order").  The present motion focuses on the liability, or lack thereof, of the City and Officers Albert, Godden, and Hensley, the three officers who responded to Officer Twardosz's radio transmission regarding Plaintiffs' failure to yield.

In the instant motion, Plaintiffs' seek partial summary judgment against Officers Albert, Godden, and Hensley for violations of the Fourth Amendment and Cal. Civil Code § 52.1 for use of excessive force, Plaintiff Crankson seeks summary judgment against Officer Hensley under the Fourth Amendment and Cal. Civil Code § 52.1 for false arrest, and Plaintiffs move for summary judgment against the City of West Sacramento under Cal. Civil Code § 52.1 for use of excessive force against both Plaintiffs and for the false arrest of Crankson.  Pls' Motion for Partial Summary Judgment, filed Oct. 13, 2008, ("Pls' Mot.") 2:1-11.  Plaintiffs base the present motion on the same legal and factual grounds already raised in Plaintiffs' motion for

partial summary judgment against Officer Twardosz and the City of West Sacramento.  Pls' Mot. 2:11-16.  Defendants oppose the motion.  Docket ("Doc.") # 99.

## II.  OPINION

A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving

party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]."  Anderson, 477 U.S. at 252.  This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id.

B. Plaintiffs' Claims Against Officers Albert, Godden, and Hensley for use of excessive force under the Fourth Amendment and Cal. Civil Code § 52.1

Plaintiffs seek a finding of liability against Albert, Godden, and Hensley for use of excessive force under the Fourth Amendment and Cal. Civil Code § 52.1.  Defendants argue that under the totality of the circumstances known to the officers at the time, their display of force was reasonable.  The Fourth Amendment prohibition against unreasonable searches and seizures permits law enforcement officers to use only such force to effect an arrest as is "objectively reasonable" under the circumstances.  Graham v. Connor, 490 U.S. 386, 397 (1989).  Whether the force used to effect an arrest is reasonable "is

ordinarily a question of fact for the jury." Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997). (citing, e.g., Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994)); see also Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991). Although excessive force cases can be decided as a matter of law, they rarely are because the Fourth Amendment test for reasonableness is inherently fact-specific. See Chew v. Gates, 27 F.3d 1432, 1443 (9th Cir. 1994). According to Graham, determining whether the force used in a particular instance is reasonable requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."

Plaintiffs' state law claims under § 52.1 assert that their Fourth Amendment rights were violated and that those rights were interfered with by threats, intimidation, and coercion. Pls' Original Mot., filed Aug. 20, 2008, ("Pls' Orig. Mot.") 26:3-28; 27:1-17. Section 52.1 provides that "any individual whose exercise or enjoyment of constitutional rights . . . has been interfered with" by "threats, intimidation or coercion" may bring a civil action on his or her own behalf. Cal. Civ. Code § 52.1.

Here, Plaintiffs' motion is based on the same legal and factual grounds already raised in Plaintiffs' motion for partial

summary judgment against Officer Twardosz and the City of West Sacramento.  Pls' Mot. 2:11-16.  On October 22, 2008, this Court ordered, at Docket # 84, that with respect to Beecham several disputed issues of material fact regarding Beecham's Fourth Amendment and Cal. Civil Code § 52.1 claims precluded a finding of liability against Officer Twardosz.  For the same reasons this Court found that Officer Twardosz, in regards to Beecham, could not be liable on a motion for summary judgment, so too does this Court find the same disputed factual issues preclude a finding of liability against Albert, Godden, and Hensley on Beecham's claims for use of excessive force under the Fourth Amendment and Cal. Civil Code § 52.1.  See Doc. # 84.

Turning to the use of excessive force claim brought by Crankson, the Court's previous order found Officer Twardosz's actions violated both the Fourth Amendment and § 52.1.  Doc. # 84.  This Court held that even viewing the facts in the light most favorable to Defendants, Officer Twardosz's actions were not objectively reasonable under the circumstances and that Crankson's Fourth Amendment rights were violated.  This Court further held that Crankson's constitutional rights were clearly interfered with by "threats, intimidation, or coercion" and that Officer Twardosz was liable under § 52.1.  Officer Twardosz's liability, however, is evaluated differently from the liability of the secondary officers, Albert, Godden, and Hensley.  See

Motley v. Parks, 432 F.3d 1072, 1081 (9th Cir. 2005)(finding that "law enforcement officers are generally entitled to rely on information obtained from fellow law enforcement officers.").

Unlike the circumstances known to Officer Twardosz at the time of the stop, there remain material factual disputes as to what information Albert, Godden, and Hensley knew at the time of the stop, when the officers became aware, if ever, of the circumstances leading to the stop, and whether the officers' drawing of weapons and assistance to Officer Twardosz was objectively reasonable under the information provided to them at the time.  Genuine disputes of material fact exist, for example, as to what details were relayed to Albert, Godden, and Hensley over Officer Twardosz's radio transmission and during the course of the stop, as well as whether based on the information available to Albert, Godden, and Hensley they had a duty to further investigate before drawing their weapons and assisting in the arrest of Plaintiffs.

Because material issues of fact exist as to what information was available to Albert, Godden, and Hensley at the time of the stop, this Court is unable to determine on a motion for summary judgment whether the officers' display of force was objectively reasonable under the totality of the circumstances known to them at the time.  Moreover, because a reasonable jury could conclude that Defendants acted reasonably under the

circumstances, it would be premature for this Court to decide whether any of Plaintiffs' rights, if violated at all by Albert, Godden, and Hensley, were interfered with by "threats, intimidation, or coercion" in violation of § 52.1.  Accordingly, Plaintiffs' motion for summary judgment against Defendants Albert, Godden, and Hensley for use of excessive force under the Fourth Amendment and Cal. Civil Code § 52.1 is DENIED.

C. Plaintiff Crankson's Claims Against Officer Hensley For False Arrest Under The Fourth Amendment and Cal. Civil Code § 52.1

Crankson moves this Court for summary judgment against Officer Hensley for false arrest pursuant to the Fourth Amendment and Cal. Civil Code § 52.1.  Defendants argue Officer Hensley is shielded from liability because he reasonably relied on Officer Twardosz's determination that probable cause existed at the time of the arrest.  The Ninth Circuit has explained that "[w]here an officer has an objectively reasonable good-faith belief that he is acting pursuant to proper authority, he cannot be held liable if the information supplied by other officers turns out to be erroneous."  Motley, 432 F.3d at 1081.  However, the Ninth Circuit noted that "all officers . . . have an ongoing duty to make appropriate inquires regarding the facts received or to further investigate if insufficient details are relayed."  See id.; see also Mendocino Envtl. Ctr. V. Mendocino County, 192 F.3d 1283, 1293 n. 16 (9th Cir. 1999).  "The lynchpin is whether

the officer's reliance on the information was objectively reasonable." Id.

Here, as a secondary officer, Officer Hensley is entitled to rely on the primary officer's determination that probable cause existed to arrest Crankson. Motley, 432 F.3d at 1082. However, what information was known by Hensley and what information he relied upon at the time of the arrest is a question of fact that cannot be resolved on a motion for summary judgment. There remain material factual questions as to what information Hensley knew at the time of the arrest and whether it was objectively reasonable from the information provided to him to arrest Crankson. For example, it is disputed as to what details were relayed to Hensley over Officer Twardosz's radio transmission and during the course of the stop, and whether Hensley knew that Crankson was a cooperative passenger in a vehicle that failed to yield for a few blocks and travelled at 15 miles per hour.

The Court must construe the facts in the light most favorable to Defendants, as the non-moving party. In doing so, this Court finds a reasonable jury could conclude that Hensley is not liable for the false arrest of Crankson because he objectively, reasonably, and in good faith believed he was acting pursuant to proper authority. If Hensley was unaware of the circumstances surrounding the stop and arrest of Crankson

and simply relied on Officer Twardosz's determination that probable cause existed to arrest Crankson, then Hensley cannot be held liable for Crankson's arrest.  See Motley, 432 F.3d at 1082.  Because there are several triable issues of fact as to what information was available to Hensley at the time of Crankson's arrest, this Court is unable to determine on a motion for summary judgment whether Hensley's arrest of Crankson was objectively reasonable under the totality of the circumstances known to him at the time.  Accordingly, Plaintiff Crankson's motion for partial summary judgment against Officer Hensley for false arrest under the Fourth Amendment and Cal. Civil Code § 52.1 is DENIED.

D. <u>Plaintiffs' Claims Against the City For Excessive Force And False Arrest Under Cal. Civil Code § 52.1</u>

Plaintiffs move this Court for a finding of liability against the City of West Sacramento for the use of excessive force and false arrest under Cal. Civil Code § 52.1 by Officers Albert, Godden and Hensley.  Section 52.1 provides that "any individual whose exercise or enjoyment of constitutional rights . . . has been interfered with" by "threats, intimidation or coercion" may bring a civil action on his or her own behalf.  Cal. Civ. Code § 52.1.  California law imposes liability on public entities for acts committed by their employees while in the scope of employment.  Cal. Gov't Code § 815.2.  Therefore,

under California law, the City would be vicariously liable for any violation of Cal. Civil Code § 52.1 by Officers Albert, Godden, or Hensley because the actions taken against Plaintiffs occurred while in the scope of the officers' employment.

Here, Plaintiffs' § 52.1 claims rest upon their allegations that Albert, Godden, and Hensley violated their Fourth Amendment rights through excessive force, that Hensley violated Crankson's Fourth Amendment rights through false arrest, and finally that these rights were interfered with by threats, intimidation, and coercion.  Pls' Orig. Mot. 26:3-28; 27:1-17.  As discussed above, there are several disputed issues of material fact regarding Beecham and Crankson's Fourth Amendment claims against Albert, Godden, and Hensley, thereby precluding summary judgment on Plaintiffs' § 52.1 claims.  Because a reasonable jury could conclude that Albert, Godden, and Hensley acted reasonably under the circumstances, it would be premature for this Court to decide whether any of Beecham or Crankson's rights, if violated at all by Albert, Godden, or Hensley, was interfered with by "threats, intimidation, or coercion."  Accordingly, Plaintiffs' motion for partial summary judgment against the City under § 52.1 on Plaintiffs' claims for excessive force by Albert, Godden, and Hensley, and Crankson's claim for false arrest against Hensley is DENIED.

III. ORDER

For the reasons set forth above, Plaintiffs' motion for partial summary judgment against the City and Officers Albert, Godden, and Hensley is DENIED.[1]

IT IS SO ORDERED.

Dated: December 11, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[1] Defendants have raised the issue of qualified immunity for Officers Albert, Godden and Hensley in their Opposition. Defendants do not specifically request summary judgment on this issue in their Opposition. Nevertheless, the Court has previously addressed the issue in its Order concerning Officer Albert and Godden's Motion for Partial Summary Judgment. Doc. # 147. In its Order the Court denied summary judgment on the qualified immunity issue as to Officers Albert and Godden. For the reasons set forth in that Order the Court also denies summary judgment on the qualified immunity issue as it applies to Officer Hensley, i.e. genuine issues of material fact preclude the Court from granting summary judgment at this time.