1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  KARENE BEECHAM, individually and )   Case No.S:07-CV-01115 JAM EFB
    KARENA CRANKSON, individually,   )
12                                   )   **PRETRIAL CONFERENCE ORDER**
                     Plaintiffs,     )
13                                   )
          v.                         )
14                                   )
    CITY OF WEST SACRAMENTO; a        )
15  public entity, Police Officer    )
    TIMOTHY TWARDOSZ, Police Officer )
16  GEOFFREY ALBERT, Police Officer  )
    STEVE GODDEN, Police Officer ED  )
17  HENSLEY, and DOES 4 through 10,  )
    Jointly and Severally,           )
18                                   )
                     Defendants.     )
19  _____)

20       Pursuant to court order, a Pretrial Conference was held on

21  December 12, 2008 before Judge John Mendez.  Michael J. Haddad

22  appeared as counsel for plaintiffs; Laurence Angelo appeared as

23  counsel for defendants.  After hearing, the court makes the

24  following findings and orders:

25                      I.   JURISDICTION/VENUE

26       Jurisdiction is predicated upon 42 USC §§ 1983 and 1988, and

27  has previously been found to be proper by order of this court, as

28  has venue.  Those orders are confirmed.  Defendants have informed

                                    1

the Court that they intend to seek a stay of this case from the Ninth Circuit Court of Appeals.

## II.  JURY/NON-JURY

All parties have demanded a jury trial.

## III.  STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall submit a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV.  UNDISPUTED FACTS

This civil rights action arises from a traffic stop of Plaintiffs Karene Beecham and Karena Crankson by West Sacramento police officers, on June 29, 2006, at the intersection of 3rd and J Streets in the City of Sacramento, California.  Plaintiffs are of African descent; all officers involved are Caucasian.  Defendant Officer Timothy Twardosz attempted to pull over the car driven by Ms. Beecham for failing to use a turn signal when changing lanes. Officer Twardosz determined that the Beecham car was "failing to yield" to his attempt to make a traffic stop, and so informed his dispatcher over his radio.  Defendant Officers Hensley, Albert, and Godden responded and assisted Officer Twardosz in a "high risk" stop of the Beecham vehicle.  In the course of this stop, Ms. Beecham and Ms. Crankson were each held at gunpoint by some of the officers, they were handcuffed, and placed in separate police cars. [Defendants' dispute Plaintiffs' claim that *all* of the officers pointed their guns at Plaintiffs]. Each Plaintiff raised her upper garment during the course of the stop, exposing her undershirt. [It is disputed as to how the Plaintiffs were told to raise their upper garment.]

1    Plaintiffs claim that Defendants' conduct constituted

2  excessive force, false arrest, unlawful public strip search by

3  Defendants Twardosz and Hensley, and that Officer Twardosz's

4  conduct was motivated in part by Plaintiffs' race.  Plaintiffs

5  hereby dismiss their Fourth Amendment and Fourteenth Amendment

6  claims and Cal. Civ. Code § 51.7 claims against Defendants Albert,

7  Godden, and Hensley for racial profiling, and Fourth Amendment

8  claims against Albert and Godden for unlawful strip search.

9  Defendants assert that all of their actions were appropriate and

10  lawful, done in good faith, and consistent with the procedures of

11  their department.

12                    V.   DISPUTED FACTUAL ISSUES

13    1.   Whether the observations by Officer Twardosz and the

14  behavior of Plaintiff Beecham supports reasonable cause to stop the

15  vehicle and investigate for possible criminal violations and

16  conduct a high risk stop.

17    2.   Whether there was probable cause to believe that Karene

18  Beecham was driving in violation of California Vehicle Code Section

19  22107

20    3.   Whether there was probable cause to believe that Karene

21  Beecham was driving in violation of California Vehicle Code Section

22  2800.1

23    4.   Whether there was probable cause to believe that Karene

24  Beecham was driving in violation of California Vehicle Code Section

25  21506(a)(1).

26    5.   Plaintiffs' claimed factual issue: Whether Officer

27  Twardosz' attempt to make a traffic stop of the Beecham vehicle was

28  appropriate and consistent with generally accepted law enforcement

procedures.

6.   Plaintiffs' claimed factual issue:  The distance between when Plaintiff Beecham reasonably should have realized that an officer was attempting to pull her over and when Officer Twardosz radioed that the Beecham vehicle was "failing to yield."

7.   Defendants' claimed factual issue:  Whether each Plaintiff or their vehicle engaged in conduct that an officer could interpret as posing a potential threat to any officer or the public.

8.   Whether the Defendants used unreasonable force in arresting and/or detaining the Plaintiffs.

9.   In connection with any force used against each Plaintiff, the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether each Plaintiff was actively resisting arrest or attempting to evade arrest by flight.

10.  Whether the circumstances of this incident actually known by the officer at the time, or of which a reasonable officer would have known would have led a reasonable officer to conduct a high risk stop of the Beecham vehicle and each Plaintiff.

11.  The basis for Officer Twardosz's decision to conduct a high risk stop in this incident.

12.  The factual basis, circumstances, and lawfulness of the arrest or detention of each Plaintiff.

13.  Plaintiffs' claimed issue: The training, procedures, customs, and policies of the West Sacramento Police Department concerning high risk stops, use of force, pointing of guns, arrest, detentions, racial profiling, strip searches, "code of silence" and

1 | other law enforcement topics related to this matter.

2 |    14.   Plaintiffs' claimed issue:  The factual basis,

3 | circumstances, and lawfulness of each officer's use of force

4 | against each Plaintiff.

5 |    15.   Plaintiffs' claimed issue:  For all backup officers, what

6 | they knew about any alleged threats by and conduct of each

7 | Plaintiff, and when they knew it.

8 |    16.   The factual basis, circumstances, and lawfulness of the

9 | searches of each Plaintiff.

10 |    17.   When officers became aware that there were very young

11 | children in the back seat of the Beecham car, and officers' conduct

12 | with respect to the children.

13 |    18.   Whether Officer Twardosz's conduct was motivated at least

14 | in part by Plaintiffs' race/national origin.

15 |    19.   Whether Plaintiffs' federal constitutional rights were

16 | violated pursuant to the customs, policies, practices, or training

17 | of the West Sacramento Police Department.

18 |    20.   Defendants' claimed issue:  Whether the City of West

19 | Sacramento was negligent in supervising and training its employees

20 | to prevent their employees from making arrests without probable

21 | cause or using excessive force or from conducting unreasonable

22 | searches.

23 |    21.   Defendants' claimed issue:  Whether Officers Albert,

24 | Godden, Hensley and Twardosz, and the City of West Sacramento

25 | intentionally interfered with Plaintiff Beecham's rights, and

26 | whether Officers Albert, Godden, Hensley, and the City

27 | intentionally interfered with Plaintiff Crankson's rights, under

28 | California Civil Code Section 52.1 to be free of intimidation,

1  violence, threat of violence or coercion

2      22.   Whether the City of West Sacramento's training,

3  procedures, customs, and policies at the time of this incident

4  concerning High Risk stops, use of force, pointing of guns,

5  arrests, detentions, racial profiling, strip searches, and other

6  law enforcement topics related to this matter were

7  unconstitutional.

8      23.   Whether the City of West Sacramento allowed, tolerated,

9  and/or encouraged a "code of silence" among its law enforcement

10  officers and police department personnel.

11      24.   Whether the City of West Sacramento used appropriate

12  procedures for handling, investigating, and reviewing complaints of

13  officer misconduct.

14      25.   Whether the Defendants' conduct was intentional and/or

15  reckless, extreme and outrageous, and proximately caused Plaintiffs

16  to suffer severe emotional distress.

17      26.   Whether the Defendants assaulted the Plaintiffs.

18      27.   Defendants' claimed issue:  Whether Officers Twardosz and

19  Hensley acted "in concert/conspiracy" to violate the Plaintiffs'

20  right pursuant to California Penal Code Section 4030 to be free

21  from unlawful strip searches as alleged in their First Amended

22  Complaint ¶ 67.

23      28.   Plaintiffs' claimed issue:  Whether Officers Twardosz and

24  Hensley violated the Plaintiffs' rights pursuant to California

25  Penal Code Section 4030 to be free from unlawful strip searches.

26      29.   Whether Plaintiffs are entitled to injunctive or

27  declaratory relief.

28      30.   The nature and extent of each Plaintiff's damages.

## VI. <u>DISPUTED EVIDENTIARY ISSUES</u>

The parties propose to file motions in limine on a schedule ordered by the Court.  Plaintiffs anticipate the following motions in limine:

1.    Claims of financial hardship of Defendants;

2.    Any alleged 'prior bad acts' of either Plaintiff;

3.    Any commendations or awards issued to any officer except Defendant Twardosz, as Defendant objected to discovery into this matter;

4.    Any officer's subjective speculation about potential threats or subjective threat possibilities;

5.    Any insurance or other collateral source payments to either Plaintiff;

6.    Plaintiffs' irrelevant medical history information;

7.    Claims dismissed before trial;

8.    Defendants' subjective "good faith" or feelings;

9.    All witnesses and documents Defendants failed to properly and timely disclose in this matter, including but not limited to previously undisclosed witnesses and documents listed in Defendants' "amended disclosure under F.R.Civ.P. 26(e)" faxed to Plaintiffs on December 5, 2008, after the close of discovery;

10.  Allegations of misconduct filed against any  health care provider of either Plaintiff;

11.  Plaintiffs reserve the right to file motions in limine concerning Defendants' experts after taking their depositions.

At this time, the Defendants anticipate the following evidentiary issues that should be resolved via motions in limine:

1.    The admissibility of documents, and any and all

information derived therefrom, obtained pursuant to Plaintiffs'
subpoena's for records from the Sacramento Sheriff's Department and
the City of Sacramento Police Department;

　　2.　　The admissibility of Plaintiff Beecham's attorneys fees
relating to her criminal case;

　　3.　　The admissibility of the personnel file of Officer
Twardosz;

　　4.　　The admissibility of expert opinion evidence regarding
Plaintiff Crankson's alleged genital mutilation as a young girl
while in Ghana, Africa;

　　5.　　Defendants' also reserve the right to file motions in
limine concerning Plaintiffs purported experts after taking their
depositions;

　　6.　　Defendants will oppose all of the motions in limine posed
by Plaintiffs as listed above.

VII. <u>RELIEF SOUGHT</u>

　　Both Plaintiffs seek damages, including compensatory damages
for severe emotional distress, pain and suffering, and medical
expenses; exemplary and punitive damages; statutory penalties for
compensatory damages pursuant to Cal. Civil Code §§ 51.7, 52, 52.1
and Cal Penal Code § 4030; costs and attorneys' fees under state
and federal law including 42 U.S.C. § 1988, Cal. Civil Code §§
51.7, 52, 52.1, Cal. Penal Code § 4030, and Cal. Code of Civil
Procedure § 1021.5; and declaratory and injunctive relief.
Defendants will seek attorneys fees and costs in accordance with 42
U.S.C. § 1988 and California Code of Civil Procedure §§ 128.5,
128.6, 128.7 and 1038.

VIII.   <u>POINTS OF LAW</u>

Trial briefs shall be filed with the court no later than seven (7) days prior to the date of trial, i.e., January 5, 2009. Any points of law not previously argued to the Court should be briefed in the trial briefs.

IX.   <u>ABANDONED ISSUES</u>

Plaintiffs hereby abandon their racial profiling claim under Cal. Civil Code § 51.7 against Defendant Hensley. Plaintiffs have also abandoned their wages loss claims and loss of consortium claims. Defendant Twardosz has abandoned his pending appeal of this Court's denial of qualified immunity on Plaintiff Beecham's claims.

X.   <u>WITNESSES</u>

Plaintiffs anticipate calling the following witnesses:

1.   Karene Beecham.

2.   Karena Crankson.

3.   Cassius Beecham.

4.   Mahinda Kwamina Crankson.

5.   Charles Beecham.

6.   Jacqueline Beecham.

7.   Mr. Kwami Akuma.

8.   Mrs. Mary Holden.

9.   Creslene Bordes.

10.  Stella George.

11.  Jesus Figueroa-Caho.

12.  Donna Milton.

13.  Charity Semarkor.

14.  Defendant Officer Twardosz.

15.  Defendant Off. Steve Godden.

1    16.   Defendant Off. Geoffrey Albert.

2    17.   Defendant Off. Eddie Hensley.

3    18.   Sgt. John Malloy.

4    19.   Sgt. Stevens.

5    20.   Dispatcher Stephanie Taylor.

6    21.   Sgt. Duchene.

7    22.   Dan Drummond, WSPD Chief of Police.

8    23.   Custodian of Records for West Sacramento Police

9    Department.

10   24.   Custodian of Records for Sacramento Police Department.

11   25.   Paul Troxel and/or Sherry Ramos of Sacramento Police

12   Department.

13   26.   Individuals who have treated and/or examined Plaintiffs

14   for injuries related to this incident (including but not limited to

15   physicians, nurses, psychotherapists, and all other medical

16   personnel), including all such individuals identified in

17   Plaintiffs' relevant medical records, and specifically including

18   but not limited to:

19        a.   Sutter Family Practice, Natomas Primary Care,

20   including Steven Uzelac, M.D., Polly Baldwin, M.D., and their

21   Custodian of Records;

22        b.   Kathleen Holmes, LMFT and her custodian of records;

23        c.   Custodian of records for Lorraine Stanco, M.D.;

24        d.   Custodian of records for Makram Samaan, Ph. D.;

25        e.   Custodian of records for Allen Hassan, M.D.;

26        f.   Carol Jordan and her custodian of records.

27   27.   Roger Clark, Plaintiffs' police practices and

28   administration expert.

1    28.  George Woods, M.D., Plaintiffs' expert psychiatrist.

2    Defendants anticipate calling the following witnesses:

3    (1)  Detective Timothy Twardosz
          West Sacramento Police Department
4         550 Jefferson Boulevard
          West Sacramento, CA 95605
5

6    (2)  City of West Sacramento Chief of Police Dan Drummond
          West Sacramento Police Department
7         550 Jefferson Boulevard
          West Sacramento, CA 95605
8

     (3)  Sgt. James Duncan
9         West Sacramento Police Department
          550 Jefferson Boulevard
10        West Sacramento, CA 95605

11   (4)  Sgt. John J. Molloy
          West Sacramento Police Department
12        550 Jefferson Boulevard
          West Sacramento, CA 95605
13

     (5)  Officer Geoffrey Albert
14        West Sacramento Police Department
          550 Jefferson Boulevard
15        West Sacramento, CA 95605

16   (6)  Officer Steve Godden
          West Sacramento Police Department
17        550 Jefferson Boulevard
          West Sacramento, CA 95605
18

     (7)  Officer Ed Hensley
19        West Sacramento Police Department
          550 Jefferson Boulevard
20        West Sacramento, CA 95605

21   (8)  Sgt. Deanna Stevens
          West Sacramento Police Department
22        550 Jefferson Boulevard
          West Sacramento, CA 95605
23

     (9)  Lt. D. Brummet
24        West Sacramento Police Department
          550 Jefferson Boulevard
25        West Sacramento, CA 95605

26   (10) Deputy Chief Henry Serrans
          West Sacramento Police Department
27        550 Jefferson Boulevard
          West Sacramento, CA 95605
28

1     (11) Sgt. Carl Krouch
2          West Sacramento Police Department
          550 Jefferson Boulevard
          West Sacramento, CA 95605
3

4     (12) Lt. Tom Bowler
          West Sacramento Police Department
          550 Jefferson Boulevard
5          West Sacramento, CA 95605

6     (13) Sgt. Daniel Duchene
          West Sacramento Police Department
7          550 Jefferson Boulevard
          West Sacramento, CA 95605
8

9     (14) Lt. Todd Sockman
          West Sacramento Police Department
          550 Jefferson Boulevard
10         West Sacramento, CA 95605

11    (15) Stephanie Taylor
         Dispatcher
12        Yolo County Communications
         35 N. Cottonwood Street
13        Woodland, CA 95695

14    (16) Jerad Zwickey
         Expert
15        5151 Pacific Ave
         Stockton, CA 95207
16

17    (17) Robert A. Allen, PhD.
         Expert
18        10423 Old Placerville Road, Suite 100
         Sacramento, CA 95827

19    (18) Arnold M. Zeiderman, M.D.
         Expert
20        10423 Old Placerville Road, Suite 100
         Sacramento, CA 95827
21

22    (19) James Margolis, M.D.
         Expert
         10423 Old Placerville Road, Suite 100
23        Sacramento, CA 95827

24    (20) Laura Nasatir, M.D.
         Expert
25        10423 Old Placerville Road, Suite 100
         Sacramento, CA 95827
26

27    (21) Kathleen Holmes, LMFT
         2180 Harvard Street, Suite 210
         Sacramento, California 95815
28

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.   The evidence will not be permitted unless:

(1)   The witnesses could not reasonably have been discovered prior to Pretrial;

(2)   The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

XI. <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

Plaintiffs intend to introduce the following exhibits:

| | |
|---|---|
| 1. | Plaintiffs' Government Code claims |
| 2. | Plaintiffs' complaint |
| 3. | Defendants' answer |
| 4. | Plaintiffs' First Amended Complaint |

| 5. | Defendants' Answer to First Amended Complaint |
|---|---|
| 6. | F.R.Civ.P. 26 reports of all parties' retained experts |
| 7. | Scene photographs |
| 8. | Plaintiff Beecham's African head wear |
| 9. | Plaintiff Beecham's home pregnancy test previously shown to Defendants |
| 10. | All documents concerning Plaintiffs' citizen's complaints |
| 11. | WSPD [West Sacramento Police Department] policies, practices, techniques, procedures, general orders, training bulletins |
| 12. | WSPD Field Training Manual |
| 13. | All documents produced by Defendants related to their internal affairs investigation of this matter [variously numbered 06-CL-09, 06-1A-01, 06-IA-14, 06-005] |
| 14. | WSPD citizen complaint procedure |
| 15. | Medical and billing records of Karene Beecham from the following providers:  Allen Hassan, M.D., Natomas Primary Care, Kathleen Holmes, LMFT, Lorraine Stanco, M.D., Makram Samaan, Polly Baldwin, M.D., Sutter connect billing records |
| 16. | Medical and billing records of Karena Crankson from the following providers:  Carol Jordan, Makram Samaan |
| 17. | WSPD briefing log |
| 18. | 6/29/06 letter to Karene Beecham by Defendant Twardosz re: his violation was written in error |
| 19. | CAD report/notes ["event history record"] |
| 20. | Audio radio dispatch transmissions and transcripts from |

| | |
|---|---|
| | WSPD and Sacramento police |
| 21. | Ticket pages 1 and 2 |
| 22. | Audiotapes and transcripts of IA interviews of police |
| 23. | Audiotape and transcript of Plaintiffs' citizen's complaint |
| 24. | Defendant Twardosz' training records |
| 25. | WSPD conversation notes |
| 26. | Karene Beecham education records |
| 27. | Karena Crankson education records |
| 28. | Karene Beecham Yolo County docket, minutes, and commitment sheets |
| 29. | Declarations of Defendants Twardosz, Godden, Albert, Hensley and Daniel Duchene |
| 30. | 1/18/07 memo from Dan Drummond to Carol Richardson, bates 363-367 |
| 31. | Reports and data of all expert witnesses, with attachments |
| 32. | Defendants policy, Traffic Enforcement Practices & Techniques, 7.1.3, rev. 5/3/02 and 3/31/08 |
| 33. | Tapes and transcripts of Defendants' psychological and psychiatric exams of Plaintiffs |
| 34. | All documents used to impeach any witness, including expert witnesses |
| 35. | All documents used by any party during the deposition of any expert in this matter |
| 36 | Plaintiffs reserve the right to offer any document listed by Defendants |

Defendants intend to introduce the following exhibits:

(1)   Pertinent portions of the West Sacramento Police Department's General Order Manual.

(2)   Pertinent portions of the West Sacramento Police Department's Field Training Manual.

(3)   One dispatch tape concerning the incident in question.

(4)   The medical records pertaining to each Plaintiff.

(5)   The psychological/psychiatric records pertaining to each Plaintiff.

(6)   The "Claims Against City 06 Internal Affairs No. 06-CL-08 Crankson."

(7)   The "Claims Against City 06 Internal Affairs No. 06-CL-09 Beecham."

(8)   The Complaint, First Amended Complaint, and Answer.

(9)   All documents pertaining to the claims submitted by Plaintiffs pursuant to the California Tort Claims Act.

(10) The City of West Sacramento's "Internal Affairs 06-IA-14" file.

(11) Two audio tapes pertaining to the Internal Affairs' Investigation herein.

(12) Schematic drawing of the course of travel from when Defendant Twardosz observed Plaintiff Beecham violate the Vehicle Code to the location the Plaintiffs' vehicle finally stopped.

(13) Map of route driven by Plaintiff Beecham created by Tim Twardosz depicting location of areas the Plaintiffs could have safely pulled over.

(14) Photographs of the route driven by Plaintiffs.

(15) Photographs of the I Street Bridge.

16

(16) Photographs of the area near the intersection of J Street and 3rd Street where the Plaintiffs' vehicle finally came to a stop.

(17) Photographs of the view from the driver's seat of a patrol vehicle.

(18) Exhibits attached to the report of Jared Zwickey.

(19) Exhibits, if any, attached to the reports of Dr. Laura Nasatir and Dr. James Margolis, Defendants' psychiatric experts. Due to the Plaintiffs' failure to attend their Independent Medical Examinations, Defendants' experts cannot prepare their reports. Once Defendants' expert reports are available, Defendants will produce same to Plaintiffs.

(20) Pertinent portions of Peace Officer Standards & Training guidelines and materials.

(21) Photographs of Plaintiff Beecham wearing her "traditional African headscarf."

(22) Pertinent portions of Dr. Allen Hassan's novel, "Failure to Atone: The True Story of a Jungle Surgeon in Vietnam."

(23) Documents from Yolo County Superior Court Case No. CRTR06-12734 pertaining to Plaintiff Beecham's criminal case arising from this incident.

(24) Traffic citation issued by Tim Twardosz to Karene Beecham dated June 29, 2006.

(25) School transcripts of Plaintiff Beecham.

(26) Correspondence from Department of California Highway Patrol to Plaintiff Beecham.

(27) First Response, Clear Blue Easy, Answer, EPT, and Equate brand pregnancy tests.

(28) Dispatch record (Computer Aided Dispatch notes).

1    (29) Plaintiff Crankson's hand drawn diagram of the scene
2    (Attached as Exhibit A to her deposition).

3    Each party may use an exhibit designated by the other.

4    A.   No other exhibits will be permitted to be introduced
5    unless:

6    (1)  The party proffering the exhibit demonstrates that
7    the exhibit is for the purpose of rebutting evidence which could
8    not be reasonably anticipated at the Pretrial Conference, or

9    (2)  The exhibit was discovered after the Pretrial
10   Conference and the proffering party makes the showing required in
11   paragraph "B," below.

12   B.   Upon the post-Pretrial discovery of exhibits, the
13   attorneys shall promptly inform the court and opposing counsel of
14   the existence of such exhibits so that the court may consider at
15   trial their admissibility.  The exhibits will not be received
16   unless the proffering party demonstrates:

17   (1)  The exhibits could not reasonably have been
18   discovered prior to Pretrial;

19   (2)  The court and counsel were promptly informed of
20   their existence;

21   (3)  Counsel forwarded a copy of the exhibit(s) (if
22   physically possible) to opposing counsel.  If the exhibit(s) may
23   not be copied, the proffering counsel must show that he has made
24   the exhibit(s) reasonably available for inspection by opposing
25   counsel.

26   As to each exhibit, each party is ordered to exchange copies
27   of the exhibit not later than January 5, 2009.  Each party is then
28   granted three (3) days to serve and file objections to any exhibit.

In making the objection, the party is to set forth the grounds for the objection.  The attorney for each party is directed to appear before and present an original and one (1) copy of said exhibit to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon.  As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

XII. <u>DISCOVERY DOCUMENTS</u>

Plaintiffs intend to introduce the following discovery documents:

| 1. | 9/28/07 | Defendants' response to Plaintiffs' Request for Production of Documents, Set One |
| 2. | 5/19/08 | Defendants' response to Plaintiffs' Request for Production of Documents, Set Two |
| 3. | 5/21/08 | Defendants' Amended response to Plaintiffs' Request for Production of Documents, Set Two |
| 4. | 5/27/08 | Defendants' response to Plaintiffs' Request for Production of Documents, Set Three |
| 5. | 9/2/08 | Defendants' response to Plaintiffs' Request for Production of Documents, Set Four |
| 6. | 9/2/08 | Defendants' response to Plaintiffs' Request for Production of Documents, Set Five |
| 7. | 5/27/08 | Defendants' response to Plaintiffs' Request for Admissions, Set One |
| 8. | 5/27/08 | Defendants' response to Plaintiffs' Interrogatories to Defendants, Set One |

| 9. | 5/12/08 | Plaintiffs' response to West Sacramento request for production of documents, set one |
| 10. | 6/10/08 | Plaintiffs' response to West Sacramento request for production of documents, set two |
| 11. | 6/20/08 | Plaintiffs' response to Defendants' request for production of documents, set two |
| 12. | 8/6/08 | Plaintiffs' further response to West Sacramento request for production of documents, set two |
| 13. | 10/14/08 | Plaintiffs' responses to Albert, Godden, Hensley request for production of documents, set one |
| 14. | 10/14/08 | Plaintiffs' responses to Albert, Godden, Hensley request for production of documents, set two |
| 15. | 7/29/08 | Color laser copies of photos previously disclosed |
| 16. | 10/14/08 | Plaintiffs' responses to Hensley "contention" interrogatories set one |
| 17. | 10/14/08 | Plaintiffs' responses to Albert "contention" interrogatories set one |
| 18. | 10/14/08 | Plaintiffs' responses to Godden "contention" interrogatories set one |
| 19. | 6/20/08 | Plaintiffs' responses to Twardosz "contention" interrogatories set one |
| 20. | 11/6/08 | Plaintiffs' responses to Twardosz "contention" interrogatories set two |
| 21. | 6/20/08 | Plaintiffs' responses to West Sacramento interrogatories set one |
| 22. | 6/20/08 | Plaintiffs' responses to West Sacramento interrogatories set two |

1        Defendants intend to introduce the following discovery

2   documents:

3        1.   Deposition of Karene Beecham taken on March 19, 2008.

4        2.   Deposition of Karena Crankson taken on March 20, 2008.

5        3.   Deposition of Geoffrey Albert taken on May 1, 2008.

6        4.   Deposition of Daniel Drummond taken on July 28, 2008.

7        5.   Deposition of Daniel Duchene taken on August 14, 2008.

8        6.   Deposition of Steven Godden taken on May 1, 2008.

9        7.   Deposition of Eddie Hensley taken on May 1, 2008.

10       8.   Deposition of Allen Hassan, M.D. taken on July 31, 2008.

11       9.   Deposition of Kathleen Holmes, LMFT taken on August 21,

12   2008.

13       10.  Deposition of Deanna Stevens taken on July 28, 2008.

14       11.  Deposition of Timothy Twardosz taken on March 18, 2008.

15       12.  Deposition of Steven Uzelac, M.D. taken on July 30, 2008.

16       13.  Deposition of Stephanie Taylor taken on June 12, 2008.

17       14.  Deposition of John Molloy taken on July 29, 2008.

18       15.  Deposition of Mahinda Crankson taken on November 26,

19   2008.

20       16.  Deposition of Makram Samaan, Ph.D. taken on August 22,

21   2008, August 25, 2008, and September 8, 2008.

22       17.  Deposition of Cassius Beecham taken on June 12, 2008.

23       Further, Defendants may use all or part of Plaintiffs' answers

24   to Defendants' interrogatories herein either by way of admission or

25   impeachment.

26            XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

27       Pursuant to the court's Status Conference Order, all discovery

28   and law and motion was to have been conducted so as to be completed

                                21

as of the date of the Pretrial Conference.  That order is confirmed.  The parties are free to do anything they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this court.

### XIV. STIPULATIONS

The parties stipulate to the following facts:

a.   At all material times, each Defendant acted under color of law;

b.   At all material times, Defendants Twardosz, Hensley, Albert, and Godden were acting within the course and scope of their employment with the City of West Sacramento.

### XV. AMENDMENTS/DISMISSALS

Plaintiffs agreed to dismiss their racial profiling claims under the Fourth and Fourteenth Amendments and California Civil Code § 51.7 against Defendants Albert, Godden and Hensley, and their Fourth Amendment claims for unlawful strip search against Defendants Albert and Godden.   Defendant Twardosz agreed to dismiss his pending interlocutory appeal of this Court's ruling regarding Plaintiff Beecham's Fourth Amendment claims based on the Court's representation that he can assert his defense of qualified immunity as to those claims at trial.

### XVI. FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 16-285 regarding the contents of trial briefs.  Such briefs should be filed seven (7) days prior to trial.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged with the court clerk seven (7)

1  calendar days prior to the date of the trial and shall be

2  identified as the "Jury Instructions Without Objection."  As to

3  instructions as to which there is dispute the parties shall submit

4  the instruction(s) as its package of proposed jury instructions the

5  first day of trial.

6      The parties are requested to submit a disc of all proposed

7  jury instructions in word perfect 8.0.

8      C.   It is the duty of counsel to ensure that any deposition

9  which is to be used at trial has been filed with the Clerk of the

10  Court.  Counsel are cautioned that a failure to discharge this duty

11  may result in the court precluding use of the deposition or

12  imposition of such other sanctions as the court deems appropriate.

13      D.   The parties are ordered to file with the court and

14  exchange between themselves not later than one (1) week before the

15  trial a statement designating portions of depositions intended to

16  be offered or read into evidence (except for portions to be used

17  only for impeachment or rebuttal).

18      E.   The parties are ordered to file with the court and

19  exchange between themselves not later than one (1) week before

20  trial the portions of Answers to Interrogatories which the

21  respective parties intend to offer or read into evidence at the

22  trial (except portions to be used only for impeachment or

23  rebuttal).

24      F.  Each party may submit proposed voir dire questions the

25  party would like the court to put to prospective jurors during jury

26  selection.  Proposed voir dire should be submitted one (1) week

27  prior to trial.

28      G.   In limine motions may be addressed in the trial brief or

23

1  filed separately.  If filed separately, in limine motions shall be
2  filed at least one (1) week prior to trial. Any oppositions to the
3  motions in limine shall be filed no later than January 8, 2009.

XVII. <u>SETTLEMENT NEGOTIATIONS</u>

5  A Settlement Conference will not be set by the Court.

XVIII. <u>AGREED STATEMENTS</u>

7  See paragraph III, *supra*.

XIX. <u>SEPARATE TRIAL OF ISSUES</u>

9  Plaintiffs do not believe that a separate trial of any issue
10 is feasible or advisable.  Defendants will file a Motion to
11 Bifurcate the trial of Plaintiff Crankson due to Defendant
12 Twardosz's pending appeal.  This motion shall be included as one of
13 Defendants' motions in limine.

XX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

15 The parties do not believe that Court appointed experts, or
16 limitation of the number of expert witnesses in advance of trial,
17 is advisable.

XXI. <u>ATTORNEYS' FEES</u>

19 The matter of the award of attorneys' fees to prevailing
20 parties pursuant to statute will be handled by motion in accordance
21 with Local Rule 54-293.

XXII. <u>MISCELLANEOUS</u>

23 Not applicable.

XXIII. <u>ESTIMATE OF TRIAL TIME/TRIAL DATE</u>

25 The parties estimate eight (8) to nine (9) court days for
26 trial.  Trial will commence on January 12, 2009, at 9:00 a.m.
27 Counsel are to call Harry Vine, Courtroom Deputy, at
28 (916) 930-4091, one week prior to trial to ascertain the status of

24

1  the trial date.

2              XXIV.  OBJECTIONS TO PRETRIAL ORDER

3       Each party is granted seven (7) days from the date of this

4  Pretrial Order to object to it.

5       IT IS SO ORDERED.

6       DATED: December 12, 2008.        _____

7                                        JOHN A. MENDEZ,
                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28