FILED

MAY 1 8 2009

CLERK, U.S. DISTRICT COURT
ASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, individually and KARENA CRANKSON, individually,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF WEST SACRAMENTO; a public entity, Police Officer TIMOTHY TWARDOSZ, Police Officer GEOFFREY ALBERT, Police Officer STEVE GODDEN, Police Officer ED HENSLEY, and DOES 4 through 10, Jointly and Severally,<br><br>　　　　　　Defendants. | Case No. S:07-CV-01115 JAM-EFB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LIMITED DISCOVERY RELATED TO INJUNCTIVE RELIEF CLAIMS** |

THIS COURT, having considered Plaintiffs' Motion for Limited Discovery Related to Injunctive Relief Claims, having considered submissions on this matter from all parties, and being aware of the court file in this case,

IT IS HEREBY ORDERED THAT Plaintiffs' motion is GRANTED as follows:

Within two weeks of entry of this order, Defendant City of West Sacramento shall provide the following discovery to

1

Plaintiffs:

1. Produce for a deposition, limited to four (4) hours, at a mutually agreeable time, at the West Sacramento Police Department, the "Person Most Knowledgeable (PMK)," pursuant to FRCivP 30(b)(6), about the West Sacramento Police Department's customs, practices, policies, and training, concerning (1) the policy adopted in 2009 concerning high-risk traffic stops since the current policy was not finalized until March 19, 2009 and Plaintiffs had no opportunity to conduct discovery with respect to this policy;
With respect to the West Sacramento Police Department's customs, practices, policies and training concerning (2) the circumstances and procedures under which officers may point guns at people; and (3) any reporting requirements for (1) and (2), Defendants state that these guidelines and practices have not changed since the incident in this case. Accordingly, there is no need for any further discovery on these two policies and Defendants' opposition to Plaintiffs' motion for injunctive relief may not make reference to any changes – actual or proposed – to these two policies.

2. At or before the deposition, produce all documents not previously produced which reflect the WSPD's current customs, practices, policies, and training for item (1) above.

3. Plaintiffs may file a supplemental brief in support of their motion for injunctive relief addressing the new

| | |
|---|---|
| 1 | discovery authorized by this Order. The supplemental |
| 2 | brief may not exceed ten (10) pages and shall be filed by |
| 3 | June 5, 2009. |
| 4 | IT IS SO ORDERED. |
| 5 | DATED: May 18, 2009. |

*/s/ John A. Mendez*
JOHN A. MENDEZ
United States District Judge