IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually, and KARENA CRANKSON, Individually, | Case No. 2:07-CV-01115 JAM EFB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' REQUEST TO TAX COSTS AND GRANTING PLAINTIFFS' REQUEST THAT THEIR BILL OF COSTS BE ENTERED AND TAXED AGAINST DEFENDANTS |
| v. | |
| CITY OF WEST SACRAMTENTO, a public entity, POLICE OFFICER TIMOTHY TWARDOSZ, POLICE OFFICER GEOFFREY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally. | |
| Defendants. | |
| _____/ | |

This matter comes before the Court on Defendants City of West Sacramento and West Sacramento Police Officers Timothy Twardosz, Steve Godden, Geoffrey Albert, and Ed Hensley's (collectively "Defendants") request that the Court exclude $3,324.35 from Plaintiffs' Bill of Costs.  Doc. # 284.

1

Defendants also request that Plaintiffs be required to demonstrate why the photocopies and exemplification charges in the amount of $1.142.61 were necessarily incurred and the costs are reasonable.  Id.  Plaintiffs request that Defendants' Objections to Plaintiffs' Bill of Costs be overruled.  Doc. # 299.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, a prevailing party should be awarded costs, unless "a court order provides otherwise."  Fed.R.Civ.P. 54 (2008).  As such, "the rule creates a presumption in favor of awarding costs to a prevailing party."  Ass'n of Mexican American Educators ("AMAE") v. State of California, 231 F.3d 572, 592 (9th Cir.2000) (en banc) (citing Nat'l Info. Servs., v. TRW, Inc., 51 F.3d 1470, 1471 (9th Cir.1995)); Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir.2003) ("[C]osts are to be awarded as a matter of course in the ordinary case.").  The losing party bears the burden of making a showing that the award of costs would be inequitable under the circumstances.  Nat'l Info. Servs., 51 F.3d at 1472.  While a district court has discretion to deny costs, it must "specify reasons," explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."  Champion Produce, 342 F.3d at 1022.

Defendants, as the losing party, bear the burden of making a showing that the award of costs would be inequitable under the circumstances.  After carefully reviewing and considering Defendants' Motion to Tax Costs, the Declaration of Julia Sherwin and all documents contained in the Court files in this

matter, the Court finds that Plaintiffs' request for their full Bill of Costs is reasonable. Defendants' objections do not meet their burden of proof. Accordingly, Defendants' Motion to Tax Costs is DENIED and Plaintiffs' request that their full Bill of Costs be entered and taxed in the amount of $13,739.33 against Defendants is GRANTED.

IT IS SO ORDERED.

Dated: May 20, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE