IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually, and KARENA CRANKSON, Individually, | Case No. 2:07-CV-01115 JAM EFB |
| | ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF |
| Plaintiffs, | |
| v. | |
| CITY OF WEST SACRAMTENTO, a public entity, POLICE OFFICER TIMOTHY TWARDOSZ, POLICE OFFICER GEOFFREY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally, | |
| Defendants. | |
| _____/ | |

This matter comes before the Court on Plaintiffs Karene Beecham and Karena Crankson's (collectively "Plaintiffs") motion for injunctive relief against Defendant City of West Sacramento ("Defendant") pursuant to Federal Rule of Civil Procedure 52(b)

and 59(e) to amend the judgment.[1]  For the reasons set forth

below, Plaintiffs' motion is DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Judgment was entered in this matter on April 9, 2009.  It

was stipulated and ordered at trial that Plaintiffs would seek

injunctive relief after trial for purposes of judicial economy

and to conserve resources of the Court, jury, and all parties.

The stipulation and order provides: "All parties further agree

that Plaintiffs reserve the right to seek injunctive relief on

any and all claims on which they presently prevailed, by post-

trial motion filed at an appropriate time.  Defendants reserve

the right to assert all applicable defenses to such injunctive

relief." Doc. # 272.  In the instant motion Plaintiffs Karene

Beecham and Karena Crankson move this Court for injunctive

relief against Defendant City of West Sacramento, to require its

police department to promulgate and adhere to lawful policies,

procedures, and training concerning high-risk traffic stops and

officers pointing guns at people.  Doc. # 301.  Defendant

opposes the motion.  Doc. # 324.

---

[1]   Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 78-230(h).

II.  OPINION

In order to assert a claim for prospective injunctive relief, a plaintiff must demonstrate "that he is realistically threatened by a *repetition* of [the violation]."  City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)(emphasis added)(holding that plaintiff cannot establish the requisite type of harm simply by pointing to some past injury).  As the Ninth Circuit explained in Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001) there are at least two ways in which to demonstrate that such an injury is likely to be repeated.  "First, a plaintiff may show that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy."  Id. at 861.  And second, "the plaintiff may demonstrate that the harm is part of a 'pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights.'"  Id. citing LaDuke v. Nelson, 762 F.2d 1318, 1323 (9th Cir. 1985).  In other words, "where the defendants have repeatedly engaged in the injurious acts in the past, there is a sufficient possibility that they will engage in them in the near future to satisfy the 'realistic repetition' requirement."  Id. at 861.

Plaintiffs assert they can show that the harm they suffered is part of a "pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights." Armstrong, 275

3

F.3d at 861 <u>citing</u> <u>LaDuke</u>, 762 F.2d at 1323.  Plaintiffs argue
there is a "very significant possibility" that they could be
subjected to another illegal high-risk stop by the West
Sacramento Police Department ("WSPD" or the "Department") given
the Department's general practice to conduct a high-risk stop
whenever a car "fails to yield." Pl's Mot. at 2-5.  Plaintiffs
rely on class action cases to support their assertion that they
have standing to seek injunctive relief.  However, as Defendant
contends in its Opposition brief, these cases do not support
Plaintiffs' argument because the standing analysis differs when
the case is being brought on behalf of an entire class of
individuals.  Def's Opp. 13:7-10.

     For example, in <u>Armstrong</u> a class action lawsuit was
brought on behalf of all disabled parolees who alleged that
California was denying class members the right to fair parole
revocation hearings.  275 F.3d 849.  The district court found
that both the written policies and unwritten practices of the
defendant prison violated the rights of the disabled plaintiffs.
<u>Id.</u>  In support of their holding, the <u>Armstrong</u> Court explained
that class membership is a relevant factor in showing an
immediate likelihood of future injury.  <u>Id.</u> at 864.  The Court
held that "where a named plaintiff is a member of a plaintiff
class, and 'members of the class have repeatedly suffered
personal injuries in the past that can fairly be traced to the

4

[defendants'] standard . . . practices,' the defendant's treatment of the class as a whole must be considered to determine whether the individual plaintiff 'has been and will continue to be aggrieved by the defendants' [illegal] pattern of conduct.'"  <u>Id.</u> at 864 <u>citing</u> <u>LaDuke</u>, 762 F.2d at 1326.  In <u>Armstrong</u>, the plaintiffs provided overwhelming evidence of discrimination against the named plaintiffs as well as other, individually identified class members.  <u>Id.</u> at 864.  The Court found "that discrimination stretched back in some instances, over ten years, and at the time of trial showed no signs of abating."  <u>Id.</u>  The record amply supported that named plaintiffs suffered repeated acts of discrimination.  <u>Id.</u>  Thus, based on past occurrences, the Court found the threat of future injury to the named plaintiffs as well as to the class itself was both real and immediate.  <u>Id.</u>

Here, however, the Court can make no such finding. Injunctive relief is not available absent evidence of a real and immediate likelihood that Plaintiffs would again be targeted by the City of West Sacramento.  <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 (1983). As Defendant argues, the instant case is very similar, if not identical, to the circumstances presented in <u>Lyons</u>.  Plaintiffs attempt to distinguish or limit the holding in <u>Lyons</u> is unpersuasive.  Plaintiffs have not sufficiently demonstrated a likelihood of future injury because

they have not presented evidence of repeated violations or a pattern or practice of officially sanctioned unconstitutional behavior by Defendant.   Rather, the only evidence before this Court of an unconstitutional practice by Defendant is the single incident giving rise to this lawsuit.   This Court has no evidence of an ongoing problem of constitutional violations by the WSPD through their use of high-risk stops nor is there evidence of an inherently unconstitutional written policy or practice within the police department necessitating an injunction.   The WSPD's policy gives the lead officer the discretion to determine whether to call in a "failure to yield" which triggers a high-risk stop response.   Def's Opp. at 24-25. Moreover, the lead officer retains ongoing discretion to call off a high-risk stop at anytime.   Id.   Although Defendant officers acted unreasonably in conducting a high-risk stop in this case, there is no evidence of an immediate likelihood that Plaintiffs would again be targeted by Defendant nor is there any evidence of an ongoing policy, practice, or custom within the City of West Sacramento that will lead to another violation of Plaintiffs' rights.

### III. ORDER

For the reasons set forth above, Plaintiffs' Motion for Injunctive Relief is hereby DENIED.


IT IS SO ORDERED.

Dated: July 29, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE