1
2

MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone:     (510) 452-5500
Facsimile:     (510) 452-5510

3
4
5
6

RICHARD M. PEARL (State Bar No. 46351)
LAW OFFICES OF RICHARD M. PEARL
1816 Fifth Street
Berkeley, California 94710
Telephone:     (510) 649-0810
Facsimile:     (510) 548-5074

7
8

Attorneys for Plaintiffs

9
10

UNITED STATES DISTRICT COURT

11

EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21

KARENE BEECHAM, Individually, and
KARENA CRANKSON, Individually

              Plaintiffs,

vs.

CITY OF WEST SACRAMENTO, a
public entity, POLICE OFFICER
TWARDOSZ, POLICE OFFICER
GEOFFREY ALBERT, POLICE
OFFICER STEVE GODDEN, POLICE
OFFICER ED HENSLEY, and DOES 4
through 10, Jointly and Severally,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No: 2:07 -CV-01115-JAM-EFB

**DECLARATION OF RICHARD M. PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES**

Date:  September 23, 2009
Time:  1:30 p.m.
Honorable John A. Mendez

22
23
24
25
26
27
28

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees    1        *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

I, Richard M. Pearl, declare:

1.       I make this Declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the matters stated herein.

2.       I am a member in good standing of the California State Bar.  I am in private practice as the principal of my own firm, the Law Offices of Richard M. Pearl.  I specialize in issues related to attorneys' fees litigation, in the representation of parties in fee litigation, and serving as a mediator and arbitrator in disputes concerning attorneys' fees and related issues.

3.       Briefly summarized, my background is as follows:  I am a 1969 graduate of Boalt Hall School of Law, University of California, Berkeley.  After graduation, I spent fourteen years in federally-funded legal services programs before going into private practice in 1982.  From 1977 to 1982, I was Director of Litigation for California Rural Legal Assistance, Inc., a statewide legal services program with more than fifty attorneys.  Since April 1987, I have been a sole practitioner in the San Francisco Bay Area.  Martindale Hubbell rates my law firm "AV." I also have been selected as a Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, and 2008.   A copy of my Resume is attached hereto as Exhibit A.

4.       Since 1982, my practice has been a general civil litigation and appellate practice, with an emphasis on cases and appeals involving court-awarded attorneys' fees.  I have lectured and written extensively on court-awarded attorneys' fees.  I have been a member of the California State Bar's Attorneys Fees Task Force and have testified before the State Bar Board of Governors and the California Legislature on attorneys' fee issues.  I am the author of California Attorney Fee Awards, 2d Ed. (Calif. Cont. Ed. of Bar 1994), and its 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements. I am currently working on a third edition of the book.  This treatise has been cited by the California appellate courts on more than 30 occasions.  I also authored the 1984, 1985, 1987, 1988, 1990, 1991, 1992, and 1993 Supplements to its predecessor, CEB's California Attorney's Fees Award Practice.  In addition, I authored a federal manual on attorneys' fees entitled Attorneys' Fees:  A Legal Services Practice Manual, published

/ / /

/ / /

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees                    2                    Beecham, et al. v. Cit of West Sacramento, et al.
Case No: 2:07 -CV-01115-JAM-EFB

1    by the Legal Services Corporation. I also co-authored the chapter on "Attorney Fees" in Volume 2

2    of CEB's Wrongful Employment Termination Practice, 2d Ed. (1997).

3       5.     More than 90% of my practice is devoted to issues involving court-awarded

4    attorney's fees. I have been counsel in over 140 attorneys' fee applications in state and federal

5    courts, primarily representing other attorneys. I also have briefed and argued more than 40 appeals,

6    at least 25 of which have involved attorneys' fees issues. In the past ten years, I have successfully

7    handled four cases in the California Supreme Court involving court-awarded attorneys' fees: 1)

8    *Delaney v. Baker* (1999) 20 Cal.4th 23, which held that heightened remedies, including attorneys'

9    fees, are available in suits against nursing homes under California's Elder Abuse Act;  2) *Ketchum*

10   *v. Moses* (2001) 24 Cal.4th 1122, which held, inter alia, that contingent risk multipliers remain

11   available under California attorney fee law, despite the United States Supreme Court's  contrary

12   ruling on federal law (note that in *Ketchum*, I was primary appellate counsel in the Court of Appeal

13   and "second chair" in the Supreme Court); 3) *Flannery v. Prentice* (2001) 26 Cal.4th 572, which

14   held that in the absence of an agreement to the contrary, statutory attorneys' fees belong to the

15   attorney whose services they are based upon; and 4) *Graham v. DaimlerChrysler Corp.* (2004) 34

16   Cal.4th 553, which I handled, along with trial counsel, in both the Court of Appeal and Supreme

17   Court. I also successfully represented the plaintiffs in a previous attorneys' fee decision in the

18   Supreme Court, *Maria P. v. Riles* (1987) 43 Cal.3d 1281, and represented *amicus curiae*, along with

19   Richard Rothschild, in the Supreme Court's most recent fee decision, *Vasquez v. State of California*

20   (2009) 45 Cal.4th 243. I also have handled several Ninth Circuit attorneys' fees matters, including

21   *Davis v. City & County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *Mangold v. CPUC*, 67

22   F.3d 1470 (9th Cir. 1995), Velez v. Wynne, 2007 U.S.App.LEXIS 2194 (9th Cir. 2007), and

23   *Camacho v. Bridgeport Financial, Inc,* 523 F.3d 973 (9th Cir. 2008). *See* Exhibit A.

24      6.     I have been retained as an expert witness on attorneys' fee issues on at least 25

25   occasions, on behalf of both fee claimants and those opposing fee applications. On at least 10

26   occasions, I have been qualified as an expert on attorneys' fees in judicial proceedings and

27   arbitrations. I also have served as an arbitrator and mediator of attorney fee issues.

28   */ / /*

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees          3          *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

7.     The 2009 rate for my services is $600 per hour, which is the rate I charge new market-rate paying clients for my services. I have had numerous clients paying my market rates over the years. My hourly rates also have been found reasonable by numerous courts and paid by numerous defendants in settlement. My 2009 hourly rate of $600 per hour was found reasonable in *Alcoser et al v. Thomas,* Alameda County Superior Court No. RG03112134, Order Granting in Part Plaintiffs' Motion for Attorneys' Fees and Costs, filed June 30, 2009. It also is currently being paid by the State of California for work I am doing on its behalf. My 2008 rate of $550 per hour was found reasonable in *Saephan v. Oakland Unified School District,* N.D.Cal. No. C-06-4428 JCS, Fee Order dated January 20, 2009; it also was paid in full by the State for my appellate work in *Naidu v. California Public Utilities Commission,* 2008 Cal.App.Unpub. 6350. My 2008 hourly rate was also found reasonable in *Camacho v. Bridgeport Financial, Inc.,* N.D. Cal.No. C-04-00478 CRB, Order filed August 25, 2008, and in *Chacon v. Litke,* San Francisco Superior Court No. CGC-06-448337, Opinion and Order on Plaintiffs' Motion for Award of Attorneys' Fees, filed November 26, 2008. My 2007 rate of $535 per hour was found reasonable in five different cases: *Graham v. DaimlerChrysler,* Los Angeles County Superior Court No. BC215624, Fee Order filed December 10, 2007; *Moore v. Bank of America,* 2008 U.S.Dist.LEXIS 904 (S.D.Cal. 2008); *Denenberg v. CalTrans,* San Diego County Superior Court No. GIC 836582, Fee Order filed January 11, 2008; *Naidu v. California Public Utilities Commission,* San Francisco Superior Court No. CGC-05-444782, Order Awarding Attorneys' Fees, filed September 27, 2007; and *Marin v. Costco Wholesale Corp.,* Alameda County Superior Court No. RG 04-150447, Order Granting Motion of Plaintiff for Attorneys' Fees and Costs, filed April 17, 2007. I have litigated several cases in Sacramento and generally been awarded my Bay Area rates. However, if Sacramento rates are applied, based on my knowledge of Sacramento rates, a reasonable rate for my services would be at least $450 per hour.

8.     The time my office has spent on this matter has been recorded on contemporaneously kept time records of the type I use for all clients. A typed and edited version of my time records for this period is attached hereto as Exhibit B. These records show that I have spent 21.10 hours on this

/ / /

1  matter through August 6, 2009. Time spent after this date will be claimed by supplemental filing. I

2  have carefully reviewed my time records and can attest that all of this time was reasonably devoted

3  to pursuing my clients' interests and would have been billed to a fee-paying client. Mr. Haddad and

4  Ms. Sherwin did the initial draft of the fee memorandum; my role was mainly to guide the whole

5  process, strategize on approaches, secure declarations, and do a thorough editing and updating of

6  the draft memorandum.  I believe this was a very efficient use of our skills and knowledge. In the

7  exercise of billing judgment, I have not claimed any out of pocket costs, such as in-house copying,

8  telephone, and the like, which I would ordinarily bill to a fee-paying client.

9          9.      I am frequently called upon to opine about the reasonableness of attorneys' fees, and

10  my declarations on that issue have been cited favorably by numerous courts.  Through my writing

11  and practice, I have become familiar with the non-contingent market rates charged by attorneys in

12  California and elsewhere.  This familiarity has been obtained in several ways:  (1) by handling

13  attorneys' fee litigation; (2) by discussing fees with other attorneys; (3) by obtaining declarations

14  regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (4) by

15  reviewing attorneys' fee applications and awards in other cases, as well as surveys and articles on

16  attorney's fees in the legal newspapers and treatises.

17          10.     Although I am co-counsel with Plaintiffs' attorneys in this matter for purposes of this

18  motion and make no pretenses to being a neutral expert here, the information I have gathered, some

19  of which is summarized below, shows that the rates requested by Plaintiffs' counsel in this case are

20  not only well in line with, but *lower* than, non-contingent market rates charged by attorneys of

21  similar experience in the Bay Area.

22          a.      **Rates found reasonable in other cases.**

23                  Set forth below are rates that were awarded by the courts in the following cases:

24                                  **2008 Rates:**

25          (1)     *Gardner v. Schwarzenegger*, Alameda County Sup. Ct. No. RG06-278911,

26  Order After Hearing filed April 20, 2009, in which Judge Jon S. Tigar found that the following

27  2008 rates were reasonable, plus a 1.75 multiplier:

28  / / /

| Years of Experience | Rate |
|---|---|
| 17 | $640 |
| 14 | 590 |
| 8 | 445 |

(2)   In *Kashmiri et al v. Regents of U.C.*, San Francisco Superior Court, Order Granting Plaintiffs' Motion for Common Fund Attorneys' Fees and Expenses, filed September 30, 2008, the court found the following rates reasonable, plus a 3.7 lodestar multiplier:

| Years of Experience | Rate |
|---|---|
| 40 | $750 |
| 22 | 690 |
| 14 | 590 |
| 7 | 420 |
| 4 | 345 |
| 2 | 295 |
| Law Clerks | 200 |
| Paralegals | 195 |

(3)   In *Armstrong v. Schwarzenegger*, U.S. District Court, Northern District of California, Case No. 94-2307 (N.D. Cal. June 27, 2008), the court awarded plaintiffs' counsel the following 2008 hourly rates:

| Years of Experience | Rate |
|---|---|
| 28 | $640 |
| 11 | 450 |
| 7 | 370 |
| 4 | 295 |

(4)   In *Caplan v. CNA Financial Corp.*, U.S. District Court, Northern District of California, N.D Cal. No. C 06-5865 CW, Order Granting in Part Plaintiff's Motion for Attorneys' Fees and Denying Defendants' Cross-Motion for Attorneys' Fees, filed August 20, 2008, the court found the following hourly rates reasonable in an individual case involving an ERISA violation:

| Years of Experience | Rate |
|---|---|
| 20 | $575 |
| 6 | 350 |
| 4 | 330 |
| Law Clerks | 200 |

///

///

///

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees          6          *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

(5)     In *Environmental Law Foundation v. Laidlaw Transit, Inc.,* San Francisco Superior Court No. CGC-06-451832, Order Granting Motion for Court Approval of Parties Joint Stipulated Judgment, filed September 22, 2008, Judge Ernest H. Goldsmith found the following hourly rates reasonable in a Proposition 65, action, plus a 1.25 multiplier:

| Years of Experience | Rate |
|---|---|
| 29 | $750 |
| 26 | 700 |
| 24 | 700 |
| 23 | 650 |
| 18 | 650 |
| 16 | 625 |
| 14 | 600 |
| 10 | 560 |
| 9 | 495-575 |
| 8 | 475 |
| 7 | 450 |
| 6 | 395 |
| 4 | 325 |
| 2 | 300 |
| 1 | 250 |
| Paralegals | 145-175 |
| Interns | 125 |

(6)     In *Valdivia v. Schwarzenegger,* U.S. District Court, Eastern District of California, Case No. Civ. S-94-0671 LKK (E.D.Cal. June 30, 2008) (rates set forth in stipulation, Docket No. 1456, June 30, 2008), the court awarded Plaintiffs' counsel the following 2008 hourly rates.

| Years of Experience | Rate |
|---|---|
| 28 | $640 |
| 11 | 450 |
| 7 | 370 |
| 4 | 295 |
| Paralegal, Summer Associates | 160-180 |

## 2007 Rates:

(1)     In *Naidu v. California Public Utilities Commission*, San Francisco Superior Court No. CGC-05-444782, Order Awarding Attorneys' Fees, filed September 27, 2007, Judge

///

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees                7                *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

Ronald E. Quidachy found, in an individual FEHA case, that $535 per hour was reasonable for the plaintiff's merits and fees attorneys, each of whom had 37 years experience. A 1.55 multiplier was applied to the merits lodestar.

        (2)     In *Marin v. Costco Wholesale Corp.,* Alameda County Superior Court No. RG 04-150447, Order Granting Motion of Plaintiff for Attorneys' Fees and Costs, filed April 17, 2007, reversed on other grounds, a wage and hour action under California Labor Code § 1194, Judge Bonnie Sabraw found the following hourly rates reasonable:

| Years of Experience | Rate |
|:---:|:---:|
| 38 | $535 |
| 15 | 525 |
| 14 | 450-455 |
| 11 | 450 |
| 10 | 350 |
| 5 | 350 |
| 3 | 295 |

    b.    **Rate Information from Surveys and Other Cases.**

I have reviewed numerous declarations and depositions filed in other cases, as well as various surveys of legal rates. These sources show the hourly rates for litigation undertaken on a non-contingent basis by the following California law firms, listed in alphabetical order:

<u>Altshuler Berzon LLP</u>
2009 Rates:

| Years Experience | Rate |
|:---:|:---:|
| 15 | $625 |
| 8 | 475 |
| Law Clerks | 200 |
| Paralegals | 195 |

2007 Rates:

| Years Experience | Rate |
|:---:|:---:|
| 23 | $700 |
| 15 | 550 |
| 5 | 325 |
| Paralegals | 155-190 |

/ / /

/ / /

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees     8     *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

### Bingham McCutchen
2008 Rates:

| Years Experience | Rate |
|---|---|
| 11 | $585 |
| 19 | 580 |
| 42 | 640 |
| 7 | 485 |
| 3 | 420 |
| 3 | 380 |
| 2 | 345 |
| 3 | 345 |
| 2 | 325 |
| Paralegal | 230 |
| Litigation Specialist | 125-210 |
| Research Specialist | 140 |

### Chavez & Gertler
2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 29 | $615 |
| 25 | 595 |
| 23 | 575 |
| 27 | 575 |
| Associates | |
| 16 | 495 |
| 37 | 465 |
| 6 | 385 |
| 3 | 325 |
| Paralegals | 185 |
| Legal Assistants | 125 |

### Cohelan & Khoury
2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 34 | $700 |
| 34 | 650 |
| 24 | 600 |
| 21 | 500 |
| Associates | |
| 13 | 400 |
| 7 | 325 |
| 3 | 325 |
| 4 | 250 |
| Paralegals | 125 |

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees        9        *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

<u>Cooley Godward Kronish LLP</u>
2007 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $470-875 (average $673) |
| Associates | 250-555 (average $403) |

<u>Coughlin Stoia Geller Rudman & Robbins, LLP</u>
2007 Rates:

| Years Experience | Rate |
|---|---|
| 42 | $700 |
| 19 | 600 |
| 14 | 650 |
| 14 | 600 |
| 13 | 585 |
| 11 | 510 |
| 6 | 460 |
| 5 | 285 |

<u>Fazio & Michelleti</u>
2008 Rates:

| Years Experience | Rate |
|---|---|
| 19 | $575 |
| 12 | 475 |

<u>Fenwick & West</u>
2007 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $500-775 (average $590) |
| Associates | 245-500 (average $370) |

<u>Goldstein, Demchak, Baller, Borgen & Dardarian</u>
2009 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 33 | $700 |
| 27 | 650 |
| 22 | 600 |
| 16 | 550 |
| 14 | 500 |
| Associates | |
| 39 | $675-700 |
| 14 | 495 |
| 9 | 425 |
| 8 | 425 |
| 7 | 375 |
| 6 | 375 |

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees        10        *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

|  | |
|---|---|
| 5 | 350 |
| 4 | 340 |
| 2 | 325 |
| Law Clerks | 195 |
| Paralegals | 150-225 |

2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 38 | $650 |
| 32 | 650 |
| 27 | 625 |
| 21 | 575 |
| 15 | 500 |
| 14 | 500 |
| Associates | |
| 13 | 465 |
| 6 | 430 |
| 8 | 420 |
| 7 | 395 |
| 2 | 305 |
| Law Clerks | 195 |
| Paralegals | 135-195 |

2007 Rates:

| Years Experience | Rate |
|---|---|
| Partners | |
| 37 | $600 |
| 31 | 600 |
| 26 | 575 |
| 20 | 535 |
| 14 | 460 |
| 13 | 460 |
| Associates | |
| 12 | 425 |
| 10 | 380 |
| 11 | 365 |
| 9 | 350 |
| 8 | 335 |
| 7 | 325 |
| 6 | 340 |
| Law Clerks | 285-300 |

///

///

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees                11                *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

<u>Howard, Rice, Nemerovski, Canady, Falk & Rabkin</u>
2008 Rates:

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | $515-795 |
| Associates | 275-510 |

2007 Rates:

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | $495-775 |
| Associates | 275-485 |

<u>Knobbe, Martens, Olson & Bear</u>
2007 Rates:

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | $340-645 |
| Associates | 215-420 |

<u>Lieff, Cabraser, Heimann & Bernstein</u>
2007 Rates:

| <u>Years of Experience</u> | <u>Rate</u> |
|---|---|
| Partners | |
| 33 | $675 |
| 23 | 700 |
| 15 | 550 |
| 14 | 575 |
| 10 | 450 |
| Associates | |
| 6 | 390 |
| 4 | 350 |
| 4 | 340 |
| 2 | 285 |
| Law Clerks | 165-295 |
| Paralegals | 115-250 |

<u>Loeb & Loeb</u>
2007 Rates:

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | $475-875 (average $606) |
| Associates | 240-500 (average $384) |

<u>Manatt, Phelps & Philips</u>
2007 Rates:

| <u>Years Experience</u> | <u>Rate</u> |
|---|---|
| Partners | $520-785 (average $600) |
| Associates | 265-480 (average $395) |

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees          12          *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

### Morrison Foerster
#### 2008 Rates:

| Years Experience | Rate |
|---|---|
| 45 | $675 |
| 36 | 725 |
| 33 | 785 |
| 14 | 650 |
| 12 | 600 |
| 9 | 560 |
| 7 | 535 |
| 5 | 485 |
| 1 | 520 |
| Paralegals | 185-230 |

#### 2007 Rates:

| Years Experience | Rate |
|---|---|
| 44 | $675 |
| 11 | 550 |
| 8 | 520 |
| 6 | 475 |
| 3 | 250 |

### Quinn Emanuel LLP
#### 2008 Rates:

| Years Experience | Rate |
|---|---|
| 16 | $590 |
| 11 | 500 |

### Reed Smith
#### 2008 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $375-900 (average $626) |
| Associates | 235-580 (average $423) |

#### 2007 Rates:

| Years Experience | Rate |
|---|---|
| Partners | $350-825 (average $558) |
| Associates | 200-510 (average $374) |

### Rosen, Bien & Galvan
#### 2009 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | |
| 47 | $760 |
| 29 | 674 |

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees          13          *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

|  |  |
|---|---|
| 25 | 520 |
| 12 | 500 |
| Of Counsel | |
| 26 | 490 |
| Associates | |
| 16 | 475 |
| 12 | 475 |
| 9 | 425 |
| 8 | 400 |
| 7 | 385 |
| 6 | 360 |
| 4 | 330 |
| 2 | 295 |
| Paralegals | 180-250 |
| Litigation support/ | |
| Paralegal clerks | 125-200 |
| Law clerks/Students | 190 |
| Word Processing | 60 |

2008 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | |
| 46 | $740 |
| 28 | 640 |
| 24 | 475 |
| 10 | 450 |
| Of Counsel | |
| 25 | 460 |
| Associates | |
| 15 | 440 |
| 11 | 425 |
| 8 | 380 |
| 7 | 370 |
| 6 | 360 |
| 5 | 340 |
| 4 | 320 |
| 3 | 295 |
| Paralegals | 170-190 |
| Litigation support/ | |
| Paralegal clerks | 110-160 |
| Law clerks/Students | 170 |
| Word Processing | 60 |

2007 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | |
| 45 | $700 |
| 27 | 590 |
| 10 | 400 |

Declaration of Richard M. Pearl in Support of Plaintiffs'
Motion for Award of Reasonable Attorneys' Fees                    14                    *Beecham, et al. v. Cit of West Sacramento, et al.*
Case No: 2:07 -CV-01115-JAM-EFB

| | |
|---|---|
| Associates | |
| 24 | $435 |
| 23 | 400 |
| 14 | 400 |
| 10 | 390 |
| 7 | 350 |
| 6 | 340 |
| 5 | 325 |
| 4 | 295 |
| 3 | 280 |
| 2 | 260 |
| Paralegals | 160-190 |
| Litigation support/ | |
| Paralegal clerks | 110-150 |
| Law clerks/Students | 160 |
| Word Processing | 60 |

## Rudy, Exelrod & Zieff
### 2009 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | |
| 31 | $700 |
| Associates | |
| 3 | 305 |

### 2007 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | |
| 29 | $700 |
| 12 | 500 |
| Associates | |
| 10 | 400 |
| 8 | 330 |
| Law Clerk | 200 |
| Paralegal | 150 |

## Schneider Wallace Cottrell Konecky & Brayton
### 2008 Rates:

| Years of Experience | Rate |
|---|---|
| 17 | $550 |
| 15 | 500-550 |
| 16 | 475 |
| 4 | 350 |
| Paralegals | 125 |

///

2007 Rates:

| Years of Experience | Rate |
|---|---|
| 16 | $525 |
| 14 | 450 |
| 12 | 450 |
| 3 | 295 |
| Paralegals | 125 |

### Sheppard, Mullin, Richter & Hampton
2007 Rates:

| Years of Experience | Rate |
|---|---|
| Partners | $425-795 |
| Associates | 260-550 |

### Sturdevant Law Firm
2008 Rates:

| Years of Experience | Rate |
|---|---|
| 36 | $625 |

2007 Rates:

| Years of Experience | Rate |
|---|---|
| 34 | $590 |
| 29 | 550 |
| 19 | 525 |
| 9 | 425 |
| 3 | 325 |
| 2 | 325 |

10.     My research regarding attorneys' fees in California has indicated a consistent increase in fees over the last several years.  Virtually every firm whose rates I am aware of increased their rates over these periods. Consistent with this market, I raised my rate in 2009 to reflect both the demand for my services and inflation in costs and legal rates; my rate is still significantly less than many attorneys with comparable experience, expertise, and skills at other firms.

11.     The hourly rates set forth above are those charged where full payment is expected promptly upon the rendition of the billing and without consideration of factors other than hours and rates.  If any substantial part of the payment were to be deferred for any substantial period of time,

/ / /

/ / /

1    for example, or if payment were to be contingent upon outcome or any other factor, the fee

2    arrangement would be adjusted accordingly to compensate the attorneys for those factors.

3            12.    In my experience, fee awards are almost always determined based on current rates,

4    i.e., the attorney's rate at the time a motion for fees is made, rather than the historical rate at the

5    time the work was performed.  This is a common and accepted practice to compensate attorneys for

6    the delay in being paid.

7            13.    The expense and risk of public interest litigation has not diminished over the years;

8    to the contrary, these cases are in many ways more difficult than ever.  As a result,

9    fewer and fewer attorneys and firms are willing to take on such litigation, and the few who are

10   willing to do so can only continue if their fee awards reflect true market value.

11           14.    Attorneys who litigate on a wholly or partially contingent basis expect to receive

12   significantly higher effective hourly rates in cases where compensation is contingent on success,

13   particularly in hard-fought cases where the result is uncertain.  As the case law recognizes, this does

14   not result in any "windfall" or undue "bonus."   In the legal marketplace, a lawyer who assumes a

15   significant financial risk on behalf of a client rightfully expects that his or her compensation will be

16   significantly greater than if no risk was involved (i.e., if the client paid the bill on a monthly basis),

17   and that the greater the risk, the greater the "enhancement."  Adjusting court-awarded fees upward

18   in contingent fee cases to reflect the risk of recovering no compensation whatsoever for hundreds of

19   hours of labor simply makes them competitive in the legal marketplace, helping to ensure that

20   meritorious cases will be brought to enforce important public interest policies and that clients who

21   have meritorious claims will be more likely to obtain qualified counsel.  In cases such as this one,

22   where the risk of a defense verdict is especially high, the need for such a risk enhancement is

23   especially great if a sufficient pool of attorneys willing to take these cases is to exist.

24           If called as a witness, I could and would competently testify from my personal

25   knowledge to the facts stated herein.  I declare under penalty of perjury under the laws of the state

26   of California that the foregoing is true and correct.

27   ///

28   / / /

1    Executed at Berkeley, California on August 7, 2009.

2

3

4                                    /s/
                                        RICHARD M. PEARL
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28