IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARENE BEECHAM, Individually and KARENE CRANKSON, Individually,<br><br>          Plaintiffs,<br>     v.<br><br>CITY OF WEST SACRAMENTO; a public entity, POLICE OFFICER TIMOTHYY TWARDOSZ, POLICE OFFICER GEOFFRY ALBERT, POLICE OFFICER STEVE GODDEN, POLICE OFFICER ED HENSLEY, and DOES 4 through 10, Jointly and Severally,<br><br>          Defendants. | No. Civ. S-07-1115 JAM EFB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND GRANTING, IN PART, PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |

     This matter comes before the Court on Plaintiffs Karene Beecham and Karena Crankson's (collectively "Plaintiffs") motion for an award of reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 and California Civil Code §§ 52(b)(3) and 52.1(h).  (Doc. # 338).  Defendants City of West Sacramento and Police Officers Timothy Twardosz, Geoffry Albert, Steve Godden,

and Ed Hensley (collectively "Defendants") oppose the motion. (Doc. # 357). This matter is also before the Court on Defendants' motion for attorneys' fees pursuant to 42 U.S.C. § 1988. (Doc. # 349). Plaintiffs oppose Defendants' motion. (Doc. # 359). For the reasons set forth below,[1] Defendants' motion for attorneys' fees is DENIED and Plaintiffs' motion for attorneys' fees is GRANTED, in part.

## I.   INTRODUCTION

This motion arises from an action brought by Plaintiffs Karene Beecham and Karena Crankson against Defendants City of West Sacramento and four West Sacramento Police Department officers. After a twelve day jury trial, at the close of all evidence, the Court granted Judgment as a Matter of Law (JMOL) in favor of both Plaintiffs under 42 U.S.C. § 1983 and Cal. Civil Code § 52.1. Specifically, Plaintiff Beecham prevailed on her excessive force claim against Defendants Police Officer Twardosz and the City of West Sacramento and Plaintiff Crankson prevailed on her claims for false arrest and use of excessive force against all Defendants.

After entry of JMOL, the parties stipulated to dismissing all undecided claims without prejudice. The case then went to

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

the jury to decide damages.  The jury awarded Plaintiff Beecham $11,700 and Plaintiff Crankson $21,700, for a total award of $33,400.  With the addition of $13,739.33 in taxable costs, Plaintiffs' judgment came to $47,139.33.

As the undisputed prevailing party in this action, Plaintiffs now seek attorneys' fees and costs in the amount of $1,028,329.45, broken down as follows: (1) a lodestar of $671,302.50 on merits work, with a 1.3 multiplier, for a total of $872,693.25 of merits fees; (2) a lodestar of $143,990.00 for "Fee Related Services"; and (3) $11,646.20 in out of pocket expenses.  Although Defendants do not dispute that Plaintiffs were the prevailing party in the action, Defendants argue that: (1) Plaintiffs are not entitled to recover the total amount of fees requested because such amount is not reasonable and the Court should, instead, reduce Plaintiffs' attorneys fees request to $34,000 (Doc. # 357 at pp. 39-40); and (2) Defendants are entitled to recover their attorneys' fees incurred in opposing Plaintiffs' motion for injunctive relief in the amount of $22,327 as well as costs in the amount of $412.00, plus $2,591.00 for the preparation of Defendants' motion for attorneys' fees.

## II.  LEGAL STANDARD

In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other

than the United States, a reasonable attorney's fee as part of the costs. . ." 42 U.S.C. § 1988(b).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Caudle, 224 F.3d at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)).  The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998).  As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'"  Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434). The Court is under an independent duty to reach its own "lodestar" value.  Hensley, 461 U.S. at 433.

After computing the lodestar, the district court is to assess whether additional considerations enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d 195 (1976), require the court to adjust the figure. Caudle, 224 F.3d at 1028. The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 70.

### III. DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants seek attorneys' fees and costs incurred in defending Plaintiffs' motion for injunctive relief. (Doc. # 349). The Court found Plaintiffs lacked standing to seek injunctive relief and denied the motion. (Doc. # 336). Defendants argue that as the prevailing parties pursuant to 42 U.S.C. Section 1988 and pursuant to the Court's inherent power

to sanction, that they are entitled to attorneys' fees for Plaintiffs' allegedly "unreasonable and frivolous" motion for injunctive relief.  (Doc. # 349).

Under § 1988 jurisprudence, a prevailing defendant is treated differently from a prevailing plaintiff and fees are not awarded routinely or simply because a defendant succeeds.  See Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988). To be awarded fees, a prevailing defendant must demonstrate "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n, 434 U.S. 412, 421 (1978).  This standard is "stringent," Hughes v. Rowe, 449 U.S. 5, 14 (1980), and the Ninth Circuit repeatedly has recognized that attorneys' fees in civil rights cases "should only be awarded to a defendant in 'exceptional circumstances.'" Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990)).

Here, Plaintiffs' motion was not frivolous, unreasonable or groundless; nor were Plaintiffs motivated by an improper purpose in filing the motion for injunctive relief.  Although Defendants were the prevailing party with respect to this particular motion, they were not the prevailing party with respect to the overall litigation.  Defendants cite no authority other than the Court's inherent power to sanction, that would support their

argument that fees should be awarded for defeating a motion where the overall judgment was in Plaintiffs' favor.  Further, Plaintiffs have already effectively sanctioned themselves by omitting from their fee request 74.3 hours (approximately $41,000) related to their injunctive relief motion.  Additional sanctions are not warranted.  As such, Defendants' motion for attorneys' fees and costs is DENIED.

Plaintiffs, however, are entitled to their fees in opposing Defendants' motion, with lodestar adjustments, since they were the prevailing party in this litigation.  The fees incurred by Plaintiffs in opposing this motion are assessed below.

### IV. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

A. Attorneys' Fees For Litigation And Trial ("MERITS fees")

1. Lodestar and Multiplier

Under both California and federal law, the determination of whether Plaintiffs' attorneys' fees are reasonable begins with a determination of the lodestar –- reasonable hourly rates multiplied by the number of hours reasonably spent.  See, e.g., Hensley, 461 U.S. at 433; Ketchum v. Moses, 24 Cal.4th 1122, 1133-1136 (2001).  In the instant case, Plaintiffs' argue the total lodestar claimed for work on the merits is $671,302.50, based on 642 hours claimed by Mr. Haddad at $550 per hour, 556 hours claimed by Ms. Sherwin at $525 per hour, 194.1 hours spent by law clerks at $125 per hour, and 13.6 hours by paralegals at

$150 per hour.  See Pls' Mot., Doc. # 338, at 14.  In addition, Plaintiffs argue that under California law, a .3 lodestar enhancement (a 1.3 multiplier) for work on the merits is appropriate to reflect the fact that any compensation for counsels' 1,198 hours of work was entirely contingent on obtaining relief for the Plaintiffs.  Id. at 15.  Thus, Plaintiffs' argue that the total fee for litigation and trial with the 1.3 enhancement is $872,693.25.[2]

In determining the lodestar, the Court first must determine whether the requested number of hours is greater than, less than or the same number of hours that reasonably competent counsel would have billed.  Plaintiff requests 1198 hours for services performed by attorneys and 207.7 hours for services performed by paralegals and law clerks.  The Court finds the 207.7 hours of paralegal and law clerk time to be reasonable. As further described below the Court finds the 1198 hours for attorney services to be the appropriate starting point for an award of attorneys' fees in this case but also finds that deductions and downward adjustments to these hours is appropriate.

The Court next turns to determining a reasonable hourly rate.  Cases describing the lodestar calculation provide little

---

[2]  The Court received and reviewed Plaintiffs' notice of new authority in support of Plaintiffs' motion for attorneys' fees. (Doc. # 379.)  The Court has determined that the new authority in no way effects the Court's determination herein.

8

guidance in determining an appropriate hourly rate. Courts are directed to compare the requested rates with the "prevailing market rate," which is the rate "prevailing in the community for similar services of lawyers with reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). Here, the Court finds counsels' requested billing rates to be unreasonable because Mr. Haddad and Ms. Sherwin are requesting billing rates based on the market value in the Bay Area. This case was litigated and tried in Sacramento. Based on the Declaration of Jay Allen Eisen (Doc. # 343) submitted by Plaintiffs in support of their attorneys' fees rates, the local market rate is appropriate.

In Sacramento, the prevailing market rate for similar services of lawyers with reasonably comparable skill, experience, and reputation to that of both Mr. Haddad and Ms. Sherwin is $375 per hour. As Plaintiffs noted in their opening brief for attorneys' fees (Doc. # 338 at 25, n.8) if the Court finds that Bay Area rates are not appropriate, Plaintiffs request Sacramento hourly rates of $400 for Mr. Haddad and $350 for Ms Sherwin. See Eisen Decl. ¶ 23. Both Mr. Haddad and Ms. Sherwin are about equal in terms of experience and quality of work. Therefore, this Court will use a blended local rate of $375 per hour for the work performed by both attorneys. As for the market rates requested for the work performed by the

paralegals ($150 per hour) and law clerks ($125 per hour), the Court finds the rates are reasonable. Accordingly, the Court uses $375 for lawyers, $150 for paralegals, and $125 for law clerks as the appropriate market rate. Applying the above methodology, this Court finds that the $26,302.50 requested for the work by paralegals and law clerks is reasonable and that Mr. Haddad and Ms. Sherwin's fees amount to $449,250 (1198 hours at $375 per hour) for a total of $475,552.50

The Court finds unpersuasive Plaintiffs' argument that a 1.3 enhancement to the lodestar is warranted for the work performed in this case. The lodestar may be adjusted in light of additional considerations, including the important factor of the results obtained. Hensley, 461 U.S. at 434. Nonetheless, a "strong presumption" exists that the lodestar figure represents a "reasonable fee" and should be enhanced only in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). To overcome the strong presumption that the basic fee is reasonable, the fee applicant bears the burden of coming forward with "specific evidence" that the lodestar amount is unreasonably low. See Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citing Delaware Valley, 478 U.S. at 565). This showing must be based on factors not already subsumed in the lodestar calculation. Id. The results of the case simply do not justify

an enhancement.  Although Plaintiffs were successful on their legal claims, their success in obtaining damages for their clients was limited.  As such, the lodestar already fully compensates counsel and this Court denies Plaintiffs' request for an enhancement.

   2. Reductions Requested by Defendants

   This Court grants Defendants' request to apply the following reductions to Plaintiffs' attorneys' fee award. First, the Court makes a $6,750 reduction for fees associated with Plaintiffs' sanctioned conduct.  Mr. Haddad and Ms. Sherwin billed a combined 18 hours of work in relation to their sanctioned conduct.  The Court reduces their attorneys' fee award accordingly.  Next, the Court reduces Plaintiffs' attorneys' fee award for the time spent on pursuing their injunctive relief claim.  Although most of the time spent on the motion for injunctive relief was redacted by Plaintiffs, $630 of fees related to the motion for injunctive relief was not redacted.  Specifically, 1.2 hours of work by counsel and .3 hours of work by Richard Pearl were included.  The final reduction to Plaintiffs' attorneys' fee award is for fees related to clerical tasks.  Parties cannot recover fees for conducting clerical matters.  See Cruz v. Alhambra Sch. Dist., 601 F.Supp.2d 1183, 1193 (C.D. Cal. 2009).  Defendants contend that Plaintiffs' requested hours should be reduced because they

11

billed for clerical work.  The Court finds that 4 hours of clerical work were improperly billed by Plaintiffs.  As such, Plaintiffs' attorney fee award will be reduced by $1500.  Finally, the Court denies Defendants' request to reduce Plaintiffs' award of attorneys fees for duplication of efforts by Mr. Haddad and Ms. Sherwin.   Thus, the total amount of reductions to Plaintiffs' attorneys' fee award is $8,880.

### 3. Downward Adjustment for Incomplete Success

Plaintiffs are owed a total of $466,672.50 in attorneys' fees ($475,552.50 less the $8880 in reductions) absent any further adjustments.  However, the Court also finds that a downward adjustment to the total fee award is warranted based on the limited success at trial.  Plaintiffs' accomplishments do not justify the over $1 million fee award amount requested or the unadjusted lodestar amount of $466,672.50.  Although Plaintiffs were successful in establishing liability, they were not so successful in the damages phase, i.e. Plaintiffs were awarded only $33,400 in damages rather than the $1.8 million asked for in closing argument.

Plaintiffs' counsel significantly overvalued their achievements in this case.  Plaintiffs did not obtain any injunctive relief; they recovered minimal damages relative to what they suggested to the jury at trial; and they were not awarded any punitive damages.  In judging the Plaintiffs' level

of success and the reasonableness of hours spent achieving that success, the Court should "'give primary consideration to the amount of damages awarded as compared to the amount sought.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Rivera, 477 U.S. at 586 (Powell, J. concurring)).  As discussed above, there was a large disparity in the amount of damages awarded as compared to the amount sought by Plaintiffs at trial. Plaintiffs argued, but were unable to prove, that this case involved widespread violations of constitutional rights by Defendants.  The evidence suggested this was an isolated incident, albeit a very serious one.  The crux of this case was not the Court's Rule 50 motion ruling, but damages.  Plaintiffs were arguably disappointed with the verdict in this case and certainly cannot feel completely satisfied that their rights were vindicated.

As Plaintiffs argue, high attorneys' fees awards are justified where successful litigation causes conduct which the civil rights statute was enacted to deter to be exposed and corrected.  This Court recognizes that "the difference between the amount recovered and the damages sought is not the only consideration."  Morales, 96 F.3d at 363.  The Court's analysis considers two other important factors: (1) "the significance of the legal issues on which the plaintiff claims to have prevailed;" and (2) "the 'public purpose' the plaintiff's

13

litigation served." Morales, 96 F.3d at 364.  In the instant case, contrary to Plaintiffs' contention, this litigation did not obtain any significant tangible results.  The case did not cause the West Sacramento Police Department to correct any prior conduct and has not led to any significant change in the practice and policies of the West Sacramento Police Department. As such, Plaintiffs did not achieve any significant nonmonetary results for themselves or for other members of society.  See Morales, 96 F.3d at 365.

For the above reasons, this Court will apply a 50% downward adjustment to the attorneys' fees award for a total award of $233,336.25 plus out of pocket expenses.  Plaintiffs' claimed out of pocket expenses total $11,646.20.  After a reduction of $383.90 for the expenses related to Plaintiffs' motion for injunctive relief, Plaintiffs' total out of pocket expenses are $11,262.30.  Plaintiffs are, therefore, entitled to recover **$244,598.55** in attorneys' fees and out of pocket expenses for litigation and trial.

B.  Attorneys' Fees For Fee Related Services

In addition to fees from the litigation and trial, Plaintiffs also seek to recover $143,990 in fees and costs for work done after the trial. As further explained below, this request is granted in part and denied in part.

Included in Plaintiffs' request are fees for 49.45 hours of work at $600 per hour performed by Richard M. Pearl in support of Plaintiffs' motion for award of reasonable attorneys' fees. The Court finds there is no justification for the $29,670 Plaintiffs seek to recover. Plaintiffs have provided no convincing explanation why Mr. Haddad and Ms. Sherwin were not sufficiently competent to prepare their attorneys' fees motion without Mr. Pearl. The services performed by Mr. Pearl were duplicative and unnecessary. As such, the Court declines to award any fees related to his work.

Mr. Haddad and Ms. Sherwin spent over 175 hours (combined) on this motion and seek fees of $94,245 (at Bay Area hourly rates). Using a blended local market rate of $375 per hour reduces the attorneys' fees sought by Plaintiffs to $65,812.50. Plaintiffs' counsel cannot justify (and have not justified) the need to spend 175 hours on this motion. They are, by their own admission, experienced civil rights counsel. They have previously filed numerous motions for attorneys' fees and therefore, should have been able to prepare this motion in about half the time. Accordingly, the Court hereby reduces this portion of Plaintiffs' attorneys' fees award from $65,812.50 to $32,906.25. The Court also awards Plaintiffs the $462.50 in law clerk fees for a total of $33,368.75.

As the prevailing party in this lawsuit, Plaintiffs will be awarded their attorneys' fees which were incurred in opposing Defendants' motion for fees and sanctions at the blended local market rate of $375 per hour, rather than the requested Bay Area rates.  Accordingly, the Court awards Plaintiffs an additional $13,762.50 (36.7 hours at $375 per hour).  In sum, the total amount of attorneys' fees awarded to Plaintiffs for "Fee Related Services" is **$47,134.25**.

## V. CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion for attorneys' fees and GRANTS, in part, Plaintiffs' motion for attorneys' fees.  The Court hereby awards Plaintiffs the following: (1) $233,336.25 in attorneys' fees for litigation and trial; (2) $47,134.25 in attorneys' fees for "Fee Related Services"; and (3) $11,262.30 in out of pocket expenses for a total award of **$291,732.80**.


IT IS SO ORDERED.

Dated:  November 16, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE